UNITED STATES of America, Appellee,

v.

Kimberly K. ANDERSEN, Appellant.

No. 90–2446.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1991.

Decided March 15, 1991.

---

Raymond Rosenberg, Des Moines, Iowa, for appellant.

Linda R. Reade, Des Moines, Iowa, for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

## PER CURIAM.

Kimberly K. Andersen appeals from a final judgment entered in the District Court[1] for the Southern District of Iowa, upon her plea of guilty to one count of interstate transportation of securities obtained by fraud in violation of 18 U.S.C. §§ 2314 and 2. Andersen was sentenced under the Sentencing Guidelines to 12 months imprisonment and 2 years supervised release, and was ordered to pay a special assessment of $50 and restitution. Andersen argues the district court erred in finding she was a manager under U.S.S.G. § 3B1.1(b) (1987), and in ordering her to make restitution. For the reasons discussed below, we affirm.

The factual basis for Andersen's guilty plea was stipulated to by the parties. The stipulation stated that Andersen and her friend Julia Dominquez, an employee of Kirke–Van Orsdel Insurance Company (KVO), discussed a plan in 1988 to obtain fraudulent claim checks from KVO for fictitious claims. From September 1988 to June 1989, Dominquez generated approximately fifty-three checks resulting in a total loss to KVO of $42,200. (Under the plea agreement, Andersen agreed to joint and several liability for that total). The stipulation provided further that in late 1988, Dominquez and Andersen agreed to approach Jennifer Morrison of Kentucky to assist in the scheme by cashing checks for a percentage of the check proceeds. Dominquez and Andersen also agreed to have Andersen approach Wayne Talley of Illinois and Howard Andersen of Ohio (her husband) to assist in the scheme. Those three individuals agreed to participate and all received some proceeds as a result of cashing fraudulent checks. In addition, Dominquez and Andersen recruited Charles Talley of Illinois to participate in the scheme.

The base offense level for transporting stolen property was 4. (U.S.S.G. § 2B1.2 (1987)). The PSR enhanced this level by 6 based on the total amount of the loss, and by 2 because more than minimal planning was involved. (§ 2B1.2(b)(1) and (b)(3)(B)). A 4-level increase for Andersen's leadership role and a 2-level decrease for acceptance of responsibility resulted in a total offense level of 14, with a criminal history category of I.

At sentencing Andersen objected to the increase for her role in the offense, and requested a departure based on her family ties and emotional condition. The government relied on the stipulation of facts to support the adjustment. On her own behalf Andersen testified, inter alia, that Dominquez and a supervisor, Bobby, devised the scheme, and Dominquez asked her to cash checks for half of the proceeds. She ultimately agreed to participate and cashed six checks. Andersen stated that she solicited other participants at Dominquez's request; that although she and Dominquez initially agreed each was to receive a one-third share from checks cashed by a third party, she received a one-third share only from the checks cashed by Morrison; and that she mailed checks to some of the participants, but had no part in issuing the checks.

---

**1.** The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

The court rejected the PSR's determination that Andersen was a "leader" but found that she was a "manager" or "supervisor" of a criminal activity involving five or more participants under § 3B1.1(b), and adjusted the offense level by 3. The court concluded that although the plan could not have succeeded without Dominquez, Andersen was the first person to join the scheme with Dominquez; she thoroughly understood the details of the scheme and recruited other persons; and she was entitled to half of the proceeds from checks she cashed and one-third of the proceeds from checks issued to third parties. The court denied Andersen's request to depart downward based on family ties and emotional condition. Based on a total offense level of 13 and a sentencing range of 12–18 months, the court imposed a 12–month sentence. Finding that Andersen was unable to pay a fine, the court nonetheless enforced the restitution provision set out in the plea agreement, holding her jointly and severally liable for $42,200.

On appeal Andersen argues the district court misapplied U.S.S.G. § 3B1.1 by considering information outside the offense of conviction in adjusting the offense level for her role in the offense, and erred in finding that she was a manager or supervisor. She also argues the district court misapplied the Guidelines and inadequately stated its reasons in ordering her to pay full restitution after finding that she was unable to pay a fine.

Our review of the record convinces us the district court did not consider information outside the "offense of conviction" in determining under § 3B1.1(b) that Andersen was a manager of the criminal activity of interstate transportation of stolen securities. *Cf. United States v. Williams*, 891 F.2d 921, 925–26 (D.C.Cir.1989) (role adjustment for being manager of crack house improper where conviction was for possessing sawed-off shotgun). We also reject Andersen's argument that because the charge, standing alone, did not indicate more than one other person was involved, the district court erred in finding the criminal activity involved at least five participants. *See, e.g., United States v. Streeter*, 907 F.2d 781, 792 (8th Cir.1990) (even though charge of cultivating marijuana did not indicate involvement of others, § 3B1.1 adjustment proper where sentencing court found defendant's crime was not single-person crime). We conclude the district court's factual determination that Andersen was a manager or supervisor under § 3B1.1 was not clearly erroneous. *See, e.g., United States v. Pierce*, 907 F.2d 56, 57 (8th Cir.1990) (per curiam) (finding that recruitment occurred strongly supported conclusion of managerial or supervisory role under § 3B1.1(b)).

Although the Guidelines provide that a defendant's financial resources and needs should be considered in ordering restitution (§ 5E1.1, comment. (backg'd) (Jan. 1988)), the district court's order was based on the plea agreement and Andersen did not object at the hearing. This court has held that a defendant "who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal." *United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989). Andersen's remaining arguments are without merit.

Accordingly, we affirm.