996 F.2d 1218
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Uwadiae Precious OSAGHAE, Defendant-Appellant.
 No. 93-1001.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before MERRITT, Chief Judge, No. GUY and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Uwadiae Precious Osaghae appeals that part of his sentence that requires him to make restitution. Osaghae's counsel has moved to withdraw and has filed a brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Osaghae pleaded guilty to one count of aiding and abetting and bank fraud in violation of 18 U.S.C. §§ 2 and 1344. Four additional counts were dismissed. Osaghae was sentenced to serve thirteen months imprisonment, five years supervised release, and to make restitution in the amount of $46,013.35.
 
 
 3
 Upon review, we conclude that the appeal lacks merit. An order to make restitution is subject to a bifurcated review. United States v. Guardino, 972 F.2d 682, 686 (6th Cir.1992). The reviewing court first examines de novo whether the order is permitted under law; the amount of restitution is reviewed for an abuse of discretion. Id.
 
 
 4
 The order of restitution is permitted under law. The district court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. 18 U.S.C. § 3663(a)(3). The plea agreement in the present case specifically provides for restitution in an amount of $50,628.35.
 
 
 5
 Moreover, because the amount of restitution ($46,013.35) is within the terms of the plea agreement, the order of restitution was not an abuse of the district court's discretion. See United States v. Bartsh, 985 F.2d 930, 933 (8th Cir.1993). In determining the amount of restitution, the district court must consider not only the amount of loss, but also the defendant's ability to pay. 28 U.S.C. § 3664(a), (d). However, where it is clear from the record that the defendant voluntarily agreed to the amount of restitution, the defendant cannot challenge the restitution provision set out in the plea agreement. See United States v. Andersen, 928 F.2d 243, 245 (8th Cir.1991) (per curiam). In the plea form signed by Osaghae, he acknowledged that he understood the terms of the plea agreement and that his plea was freely and voluntarily given.
 
 
 6
 Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.