28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth David JONES, Defendant-Appellant.
 No. 93-2332.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1994.
 
 Before: MARTIN, SUHRHEINRICH and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Kenneth David Jones appeals his conviction and sentence imposed following his plea of guilty to one count of aiding and abetting mail fraud in violation of 18 U.S.C. Secs. 1341 and 2. Jones's counsel has filed a motion to withdraw under Rule 12(d), Rules of the Sixth Circuit, and a "no merit brief" pursuant to Anders v. California, 386 U.S. 738 (1967). Jones was served with a copy of the motion to withdraw on November 2, 1993, and advised that he was entitled to file a response to counsel's motion within 21 days. No response has been filed. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Upon review, we conclude that the appeal is frivolous. Pursuant to a Fed.R.Crim.P. 11 plea agreement, Jones pleaded guilty to one count of a sixteen-count indictment; remaining counts were dismissed. Jones failed to appear for sentencing on July 22, 1993, and an arrest warrant was issued. Following his arrest, Jones was sentenced to serve the statutory maximum term of sixty months of imprisonment and to make restitution.
 
 
 3
 Review of the transcript of the plea proceeding establishes that the guilty plea was voluntary and knowing. See Brady v. United States, 397 U.S. 742, 749 (1970). The district court judge determined that Jones understood the charges, the maximum penalties, the rights he was waiving, and the consequences of his plea. Jones further stated that he was pleading guilty because he was in fact guilty. Any assertion by Jones that his plea is invalid is frivolous.
 
 
 4
 Jones's appeal from his sentence is also frivolous. Jones did not object to the presentence report, thereby waiving any challenge to the district court's findings on direct appeal. See United States v. Nagi, 947 F.2d 211, 212-13 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). The original computation of the offense level was enhanced at sentencing by 2 levels for obstruction of justice under U.S.S.G. Sec. 3C1.1 based on the failure to appear on the original sentencing date. Jones did not object to the enhancement. The resulting sentencing range of 51 to 63 months was based on Jones's criminal history category of IV. The district court did not err by sentencing Jones to the maximum statutory term of sixty months of imprisonment. See U.S.S.G. Sec. 5G1.1(c)(1).
 
 
 5
 The district court also did not err in ordering restitution. The court may order restitution in any criminal case to the extent agreed by the parties in a plea agreement. 18 U.S.C.A. Sec. 3663(a)(3) (West Supp. II 1990). Jones stipulated in the plea agreement to make restitution in the amount of $507,963.
 
 
 6
 Accordingly, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.