**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Shirley Marie THOMPSON,**
**Defendant–Appellant.**

**No. 94–6185.**

United States Court of Appeals,
Tenth Circuit.

Nov. 3, 1994.

Vicki Miles–LaGrange, U.S. Atty., and Timothy W. Ogilvie, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

Irven R. Box, Box & Box, Oklahoma City, OK, for defendant-appellant.

Before MOORE, ANDERSON, and KELLY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

■ Shirley Marie Thompson entered into a plea agreement in which she consented to plead guilty to one of forty-eight counts of bank fraud. As part of that agreement, Ms. Thompson stated she understood the court could order her to pay restitution to the victim. She agreed, therefore, "to make restitution to Price Edwards & Co. *for all losses caused by her conduct, not just those losses related to Count 48 of the indictment.*" (emphasis added). She now contends the district court erred because it ordered her to pay full restitution without an independent determination of her ability to pay. We hold Ms. Thompson's acknowledgment of her liability for restitution and her agreement to pay the full amount in exchange for the dismissal of forty-seven counts of fraud, when coupled with the factual evidence of her ability to pay contained in the presentence report, satisfy the need for an independent determination by the district court. We affirm.

The presentence report discloses Ms. Thompson was thirty-eight years old and married with three children, two of whom were residing with her at the time of sentencing. She has a high school education and worked as a bookkeeper for approximately nine years, including six years with the victim, Price Edwards & Co. While employed as a bookkeeper, she earned from $1,000 to $1,850 per month. Ms. Thompson's only other employment was as a cashier for which she was paid minimum wages.

Defendant's financial statement indicated a net worth of $17,750. Her assets included real estate valued at $20,000 with no indication of any encumbrance, a motor vehicle, and household furnishings. She claimed credit card and other unsecured debts in the amount of $7,600. Ms. Thompson and her husband received a monthly income of $3,550 including $1,100 workers' compensation paid to her. After deducting all necessary monthly expenses, Ms. Thompson and her husband had a net positive cash flow of $746. In addition, Ms. Thompson reported she anticipated a settlement of $14,000 to $15,000 for an injury she sustained prior to conviction.

On the basis of this information, the probation officer who prepared the report suggested Ms. Thompson "may have the ability to pay a fine." The officer concluded, however, "it does not appear she would have the ability to pay a fine in addition to the amount owed in restitution."

At the time Ms. Thompson entered her plea, the Government pointed out to the court she had agreed to pay restitution "for all losses caused by the conduct." When the court asked for a "ball park figure for restitution," the prosecutor responded, "approximately $50,000." Defendant raised no objections to either of the Government's statements. When asked by the court whether the Government had correctly represented the plea agreement, both defendant and her attorney responded affirmatively. The court further specifically inquired whether Ms. Thompson understood she was agreeing to the imposition of full restitution, and she acknowledged she did. At the same time, however, the court advised it would have to determine "there's some ability to pay restitution before I order it as part of a sentence."

At the time of sentencing, defendant's counsel made a plea for downward departure and sought home confinement. The record furnished us is incomplete, and it contains only a passing statement by counsel that Ms. Thompson did not have the means to make restitution.

It is, however, uncontested that no evidence other than the information in the presentence report was presented to the court. We assume, therefore, the district court's conclusion of defendant's ability to pay was based solely upon that information.

On appeal, defendant contends the facts contained in the presentence report do not indicate an ability to pay. Ms. Thompson points out the Government urged at sentencing she could pay restitution out of her monthly workers' compensation award, but that award was included in her monthly in-

come calculation. If the compensation award is used for some other purpose, the family's monthly cash flow will be substantially negative. She also points out the unencumbered assets could be liquidated and applied to restitution, but doing so would deprive the family of a home. She thus argues the district court could not have considered the financial needs of the defendant and her family as required by 18 U.S.C. § 3664(a).

■ We note defendant's argument begs the issue. The burden of demonstrating the insufficiency of financial resources and the effect of restitution on dependents falls neither upon the Government nor the court, but upon the defendant. 18 U.S.C. § 3664(d).[1] Thus, Ms. Thompson's argument the district court misapprehended the significance of the information she provided in the presentence report is ill conceived.

More importantly, Ms. Thompson's plea agreement paved the way for the district court to award full restitution. Indeed, the court may order payment of restitution "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). While the statute mandates a judicial determination of the amount of the victim's loss; the defendant's financial resources; the financial needs and earning ability of the defendant and the defendant's dependents; and other "appropriate" factors, 18 U.S.C. § 3664(a); *United States v. Harris,* 7 F.3d 1537, 1539 (10th Cir.1993), the question before us is whether those factors and the responsibility they create for the sentencing court are trumped by § 3663(a)(3).

■ While reluctant to absolve district courts of any responsibility for determining the proper amount of restitution, we believe the statute allows the sentencing court to be guided by the terms of the plea agreement. Indeed, when a defendant knowingly bargains to make full restitution in exchange for

dismissal of other pending counts of an indictment, it should be presumed the bargain was made with its consequences in mind. Moreover, it should also be presumed a defendant in those circumstances considered the financial burden a fair exchange for the penal advantage gained. The Eight Circuit agrees with this approach. *See United States v. Bartsh,* 985 F.2d 930, 933 (8th Cir. 1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1204, 127 L.Ed.2d 551 (1994).

Even so, we have affirmed restitution orders in cases in which the financial condition of defendants was even more dire than that found in this case. *United States v. Coleman,* 9 F.3d 1480, 1487 (10th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1234, 127 L.Ed.2d 578 (1994). When the financial picture disclosed here is coupled with the defendant's agreement to pay full restitution, we see no abuse of discretion in the district court's judgment.

**AFFIRMED.** The mandate shall issue forthwith.

---

1. Section 3664(d) states:

   Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence. The burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and such defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.