UNITED STATES of America, Plaintiff,

v.

D–1 David M. WEBB, Defendant.

Crim. A. No. 93–80274.

United States District Court,
E.D. Michigan,
Southern Division.

April 14, 1995.

Timothy S. Barkovic, Fresard & Whipple, St. Clair Shores, MI, for David Michael Webb.

G. Gregory Schuetz, U.S. Attorney's Office, Detroit, MI, for the U.S.

### ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

GADOLA, District Judge.

Defendant David Webb pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, one count of bank fraud in violation of 18 U.S.C. § 1344, and one count of manufacturing counterfeit U.S. currency in violation of 18 U.S.C. § 471. The court sentenced defendant and ordered him to pay restitution of $209,693.17. Before the court is defendant's motion to vacate this court's restitution order.

### I. Facts

On April 22, 1993, a grand jury returned a thirty-two count superseding indictment charging defendant Webb and 29 other indi-

viduals. Webb was charged with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, thirty counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of manufacturing counterfeit U.S. currency in violation of 18 U.S.C. § 471.

On January 20, 1994, defendant pleaded guilty to one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, one count of bank fraud in violation of 18 U.S.C. § 1344, and one count of manufacturing counterfeit U.S. currency in violation of 18 U.S.C. § 471. The presentence report provided the defendant's personal and family data, physical condition, mental and emotional health conditions, education and vocational skills, employment record and financial condition. Defendant's plea agreement provided that "[p]ursuant to 18 U.S.C. § 3663(a)(3), the parties agree that the Court may order restitution in any amount not exceeding $209,693.17." In accordance with this provision, the presentence report recommended that defendant be required to pay restitution to the three victim banks in the aggregate amount of $209,693.17. The court determined that the defendant should pay restitution of $209,693.17.[1]

After the sentencing, defendant filed a notice of appeal. However, on January 10, 1995, the Sixth Circuit dismissed the appeal for want of prosecution. Defendant never filed a brief in his appeal. Before the court is defendant's motion to vacate the restitution award pursuant to 28 U.S.C. § 2255.

## II. Analysis

Defendant argues that the court erred in imposing the restitution order by not considering his financial resources and not considering his financial needs and earning ability. The government argues that defendant's claim is invalid because it was not raised in a timely manner. The government also argues that defendant's claim is meritless.

### A. Untimely Claim

■ Defendant brings his motion pursuant to 28 U.S.C. § 2255. In order for the court to hear a claim under section 2255, defendant must have presented the issue on direct appeal. If the issue has not been raised on direct appeal, defendant cannot raise the issue in a section 2255 motion unless he establishes cause excusing the default and actual prejudice. *Ratliff v. United States,* 999 F.2d 1023 (6th Cir.1993). Defendant failed to file a written objection to paragraphs 119 and 120 of the Presentence Report, which stated that the court should order restitution in the amount of $209,693.17. Nor did defendant make any oral objections at the sentencing hearing that the court should reduce the amount of restitution due to defendant's financial resources, his financial needs and earning ability. Also, defendant has failed to raise this claim on direct appeal. The court of appeals dismissed defendant's appeal for want of prosecution on January 10, 1995. Defendant never filed a brief in his appeal. Defendant brings this motion to vacate this court's restitution order but has failed to establish cause for his failure to challenge the order of restitution on direct appeal. Therefore, defendant is precluded from bringing this claim pursuant to section 2255.

### B. Merits of the Claim

■ Defendant's plea agreement provided that "[p]ursuant to 18 U.S.C. § 3663(a)(3), the parties agree that the Court may order restitution in any amount not exceeding $209,693.17." The court may order payment of restitution "to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). The requirement that the district court consider the victim's loss, the defendant's financial resources and financial needs and the earning ability of the defendant and his dependents is substantially lessened when the parties agree to the amount of

---

1. The court notes that defendant objected to para. 11 of the presentence investigation report, but this objection was withdrawn during the oral hearing before the court. Defendant did not file a written objection to para. 119 or para. 120, where the presentence report determined the amount of restitution that should be ordered.

  The court also notes that during the oral hearing, defendant objected to the amount of restitu-

tion by arguing that he did not receive that amount of financial benefit from the scheme. The court, however, stated that defendant was accountable for the entire amount because of the role he played in the scheme. Defendant did not object to the amount of restitution on the basis of his inability to pay.

restitution in a plea agreement pursuant to 18 U.S.C. § 3663(a)(3). *United States v. Thompson,* 39 F.3d 1103, 1105 (10th Cir. 1994). In two unpublished opinions, the Sixth Circuit, citing 18 U.S.C. § 3363(a)(3), has rejected challenges to orders of restitution in the amount agreed to by the defendants in their plea agreements. In *United States v. Jones,* No. 93–2332, 1994 WL 284543, at *2 (6th Cir. June 27, 1994), the Sixth Circuit found that a district court did not err in its order of restitution because the court may "order restitution in any criminal case to the extent agreed by the parties in a plea agreement." *Id.* In *United States v. Osaghae,* No. 93–1001, 1993 WL 219872, at *1–2 (6th Cir. June 21, 1993), the Sixth Circuit affirmed the district court's order of restitution, holding that when it is clear that the defendant voluntarily agreed to the amount of restitution, the defendant cannot challenge the provision set out in the plea agreement. *See also United States v. Anderson,* 928 F.2d 243, 245 (8th Cir.1991) (per curiam); *United States v. Bartsh,* 985 F.2d 930 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1204, 127 L.Ed.2d 551 (1994). In the instant action, the court thoroughly reviewed the presentence report, which provided the defendant's personal and family data, physical condition, mental and emotional health conditions, education and vocational skills, employment record and financial condition. The court considered the defendant's plea agreement and found that defendant had voluntarily entered into this plea agreement. The court also considered that other defendants had been ordered to pay restitution, depending on their level of participation. All of these factors were considered by the court in making the determination as to the amount of restitution. The court finds that defendant has not presented any reason why the order of restitution should be vacated.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to vacate, set aside or correct sentence is **DENIED.**

**SO ORDERED.**