# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-1448
_____

United States of America

*Plaintiff - Appellee*

v.

Michele Lynn McGee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: November 2, 2018
Filed: November 8, 2018
[Unpublished]
_____

Before WOLLMAN, GRUENDER, and STRAS, Circuit Judges.
_____

PER CURIAM.

Michele McGee directly appeals the sentence the district court[1] imposed after she pleaded guilty, pursuant to a written plea agreement, to fraud offenses. McGee's

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the sentence as substantively unreasonable and arguing that when making Guidelines calculations and awarding restitution, the district court should not have considered loss suffered by the victim of an offense alleged in a dismissed count.

In her plea agreement, McGee agreed that the Guidelines loss amount would include the losses of the victim identified in the dismissed count, and that she would pay restitution to that victim. Further, she entered into a sentencing stipulation as to the Guidelines loss calculation and the restitution amount, and the district court followed those stipulations. We therefore conclude that McGee's arguments as to the loss calculation and restitution are foreclosed. *See United States v. Krzyzaniak*, 702 F.3d 1082, 1084 (8th Cir. 2013) (stating that a defendant is precluded from challenging the application of Guidelines calculations to which he agreed in his plea agreement); *United States v. Nguyen*, 46 F.3d 781, 783 (8th Cir. 1995) ("A defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal."); *United States v. Andersen*, 928 F.2d 243, 245 (8th Cir. 1991) (per curiam) (declining to consider the defendant's challenge to a sentence enforcing the restitution provision contained in the plea agreement). We conclude McGee is likewise foreclosed from challenging her 72-month prison sentence, as it also was consistent with her sentencing stipulation, and in any event, we find that the sentence was not unreasonable. *See United States v. Salazar-Aleman*, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions).

Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion and affirm.

_____