**UNITED STATES of America, Appellee,**

v.

**John M. FOUSEK, Appellant.**

**No. 89–5358.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1990.

Decided Aug. 29, 1990.

Gary Colbath, Rapid City, S.D., for appellant.

Ted L. McBride, Rapid City, S.D., for appellee.

Before BOWMAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

John M. Fousek challenges the district court's[1] upward departure from the federal Sentencing Guidelines (Guidelines). We affirm.

Fousek, a Rapid City, South Dakota, attorney, was appointed as standing trustee in Chapter 7 and Chapter 13 cases in 1981. In February 1989, Fousek sent a letter to the Executive Secretary of the State Bar of South Dakota resigning his membership in the State Bar. The letter contained admissions that Fousek had embezzled funds he had held as trustee. A subsequent audit revealed that Fousek had embezzled funds totaling $79,678.51 from thirty-three individual Chapter 13 matters.

On May 2, 1989, Fousek pleaded guilty to embezzlement by a bankruptcy trustee, a violation of 18 U.S.C. § 153.

Section 2B1.1 of the Guidelines, entitled "Larceny, Embezzlement, and Other Forms of Theft," fixes a base offense level of four for embezzlement. At the time of Fousek's sentencing, section 2B1.1(b)(1)(H) provided that the base offense level be increased by seven if the loss from the embezzlement was from between $50,001 and $100,000. The district court accordingly raised the offense level to eleven. The district court then increased this level by two under the provisions of section 2B1.-1(b)(4) because the offense required more than minimal planning. The district court raised the offense level by an additional two points under the provisions of section 3B1.3 because it found that Fousek had abused a position of public trust.[2] Having thus raised Fousek's offense level to fifteen, the district court reduced it by two points under section 3E1.1 for Fousek's acceptance of responsibility. The resulting offense level of thirteen called for a sentence of from twelve to eighteen months.

The district court then departed upward, relying upon one of the Application Notes of the Commentary to section 2F1.1 of the Guidelines. The language in question provides:

9. Dollar loss often does not fully capture the harmfulness and seriousness of the conduct. In such instances, an upward departure may be warranted. Examples may include the following:

\* \* \* \* \* \*

(e) the offense caused a loss of confidence in an important institution.

In explaining its decision to depart upward from the Guidelines, the district court stated from the bench at sentencing that:

Congress enacted the bankruptcy laws to provide relief to those citizens who, despite honest efforts to succeed, have found themselves in financial difficulty.

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

2. Fousek has not challenged this last increase in the offense level, and we intimate no view on whether it was proper. *Cf. United States v. Werlinger*, 894 F.2d 1015 (8th Cir.1990).

Debtors and creditors alike must expect to have confidence in this institution. And as a lawyer, you were entrusted with the successful administration of that institution. And it is not an overstatement that the acts such as this * * * show that the public becomes very concerned when their basic institutions are threatened. In this day, where in our daily work we are barraged with misconduct in high places, one cannot help but wonder whether or not the accumulated reaction to all of this misconduct might bring the institution down.

The district court then sentenced Fousek to thirty-six months' imprisonment.

A sentencing court may depart from the Guidelines where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). When departing, the court may consider factors identified in other parts of the Guidelines, such as adjustments or specific offense characteristics, if the section under which the court is sentencing does not adequately take into account unusual circumstances present in the case. Guidelines § 5K2.0.

■ Fousek asserts that when setting sentencing ranges for embezzlement the Sentencing Commission took into consideration the possibility of a defendant's abusing a position such as a bankruptcy trusteeship. A sentencing court is to consider only the Guidelines, policy statements, and official commentary in determining whether the Sentencing Commission adequately took a circumstance into consideration. 18 U.S.C. § 3553(b). Because none of these sources indicates that the Commission considered the circumstance of a bankruptcy trustee embezzling estate funds, we conclude that embezzlement by a bankruptcy trustee is atypical of the embezzlement contemplated by the Sentencing Commission. Thus, the district court did not err in taking into consideration Fousek's position as a bankruptcy trustee as a basis for upward departure.

■ Fousek contends that the district court erred in considering the impact of Fousek's crime upon the integrity of the institution of bankruptcy trustee because there was no evidence before the court that there had been a loss of confidence in the bankruptcy trustee system. We conclude that no such evidence was necessary, for when a person in a position of public trust, as was Fousek, embezzles money from those he is bound to aid, it stands to reason that there will be some resulting loss of public confidence in that institution. We agree with the district court that debtors and creditors alike are entitled to place trust in the institution of bankruptcy trustee. The very title of that institution itself carries with it the connotation of a fiduciary relationship, along with all of the duties of trust and fidelity that such a relationship entails.

In contrast to the situation in *Werlinger*, 894 F.2d 1015 (and subject to the caveat in footnote 2, *supra*), we do not view the sentence imposed upon Fousek as constituting a cumulative punishment or as a case of "double counting." Had the district court raised Fousek's basic offense level by any of the numerical factors set forth in section 2F1.1, Fousek might have had a legitimate complaint that either or both of those impermissible sentencing enhancement procedures had in fact occurred. As it is, however, we view the district court's action a permissible upward departure, utilizing adjustments specifically contemplated as permissible by section 5K2.0.

We conclude that the district court did not err in departing from the Guidelines and that the sentence it imposed is reasonable. *United States v. Lang*, 898 F.2d 1378 (8th Cir.1990).

The district court's judgment is affirmed.