**UNITED STATES of America, Appellee,**

v.

**Thomas Chisholm BARTSH, Appellant.**

**No. 92–147.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1992.

Decided Jan. 13, 1993.

Kevin J. Short, Minneapolis, MN, argued, for appellant.

Thomas B. Heffelfinger, Minneapolis, MN, argued (Thomas B. Heffelfinger, Denise D. Reilly and Eric C. Nelson, on the brief), for appellee.

Before Judge JOHN R. GIBSON, Circuit Judge, FLOYD R. GIBSON Senior Circuit Judge, and WOLLMAN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Thomas Bartsh pleaded guilty to a two-count indictment charging him with interstate transportation of embezzled money in violation of 18 U.S.C. § 2314 and embezzlement by a court receiver in violation of 18

U.S.C. § 645. Bartsh was sentenced to 72 months imprisonment, three years of supervised release and was ordered to pay $1,064,517.52 in restitution. Bartsh challenges the sentence and amount of restitution. We affirm.

## I. BACKGROUND

In December 1982, the Honorable Charles Weiner[1] appointed Bartsh, a licensed attorney, as receiver in the civil case of *In Re Flight Transportation Corporation Securities Litigation,* Master Docket No. 4–82–874. As receiver, Bartsh claimed and received $1,558,451.15 for his services. Despite receiving this princely sum, Bartsh began embezzling money from the FTC estate sometime in 1987. In April, 1990, Judge Weiner called Bartsh to inquire what rate of interest the FTC estate fund was earning. When Bartsh told Judge Weiner the fund was earning 7.7%, Judge Weiner told Bartsh to turn over the fund to the clerk of the court so the account could earn a higher rate of interest. Bartsh sent three checks totalling $870,491 to the court; all three checks were returned for insufficient funds. The court immediately discharged Bartsh and ordered an audit of the funds handled by Bartsh.

Bartsh met with the FBI and admitted stealing in excess of $800,000 while acting as receiver. An accounting firm submitted a report to the court detailing a loss of over $1.5 million dollars, which included a calculation for lost interest that would have accrued on the account in the amount of $240,855.14. On September 13, 1991, Bartsh waived indictment and pleaded guilty to embezzlement by a receiver in violation of 18 U.S.C. § 645 and fraudulent interstate commerce in violation of 18 U.S.C. § 2314. In the plea agreement, the parties agreed that the amount of loss was between $800,000 and $2.5 million, and the final determination was left to the court. The agreement also provided that the court could sentence Bartsh up to a maximum period of ten years imprisonment and could order restitution not to exceed $1,586,974 plus interest.

The Presentence Report ("PSR") determined that Bartsh's base offense level was four and his criminal history category was I. Based on the auditor's report, the PSR determined that Bartsh's base offense level should be increased by 11 under § 2B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") (1988) because the loss was between $1 million and $2 million dollars. Under the terms of the plea agreement, the offense level was further increased by two for more than minimal planning under § 2B1.1(b)(4), by two for abuse of public trust under § 3B1.3, and was reduced by two levels for acceptance of responsibility under § 3E1.1. The PSR determined that with Bartsh's total offense level of 17, his sentencing range was between 24 and 30 months. At sentencing, the court[2] departed upward and sentenced Bartsh to 72 months, three years of supervised release and ordered Bartsh to pay $1,064,517.52 in restitution.

## II. DISCUSSION

### A. Amount of Loss

■ Bartsh argues the case must be remanded because the district court failed to make specific findings of fact regarding the amount of loss as required by Fed. R.Crim.Proc. 32(c)(3)(D)[3], and instead accepted the PSR's calculation of the amount of loss. We disagree. Bartsh entered into a plea agreement that stated the amount of loss was between $800,000 and $2.5 million

1. Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation in the District of Minnesota.

2. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota. Judge Devitt passed away on March 2, 1992.

3. Rule 32(c)(3)(D) provides that "[i]f the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part therof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing."

dollars and left the final determination to the district court. Second, Bartsh urged the court to attach a copy of the auditor's report to the plea agreement in order to provide the district court with guidance in the matter; the report, like the PSR, indicated that Bartsh embezzled $1,564,517.52. Third, in both his written objections to the PSR and at the sentencing hearing, Bartsh failed to object to the PSR's determination of the amount of loss. Finally, the amount of loss calculation had no effect on Bartsh's sentence under U.S.S.G. § 2B1.1 (1988). Section 2B1.1 provides for a 11 level increase if the amount of loss is between $1 and $2 million dollars. Whether the amount of loss was $1.2 million as suggested by Bartsh or closer to $1.5 million as urged by the government, the amount is still within the Guideline range of $1 to $2 million. The court adopted the PSR and did not err in failing to make a specific finding of fact regarding the amount of loss.

■ Bartsh also contends the court erred in adopting the PSR because it included a lost interest calculation in its determination of the total amount of loss. The audit report revealed Bartsh embezzled $1,320,662.38; had interest accrued on this amount at the annual rates of return that the account yielded, the account would have earned an additional $240,855.14. The commentary to the U.S.S.G. § 2B1.1 states that " '[l]oss' means the value of the property taken, damaged, or destroyed." U.S.S.G. § 2B1.1, comment. (n. 2) (1988). Therefore, an accurate determination of the amount of loss must contain a calculation for lost interest. *See United States v. Curran*, 967 F.2d 5, 6 (1st Cir.1992) (court determined amount of loss to victims of an embezzlement scheme by relying on an auditor's report that included a determination for lost interest). The court did not err in adopting the PSR that calculated the amount of loss, including interest, to be $1,564,517.52.

B. Restitution

■ Bartsh argues the court erred in ordering restitution in the amount of $1,064,517.52. Bartsh first contends the court failed to credit him for $400,000 al-

legedly paid to maintain FTC property on Grand Cayman. District courts have wide discretion in sentencing, including the ordering of restitution. *United States v. Lemire*, 720 F.2d 1327, 1352–53 (D.C.Cir. 1983), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2678, 81 L.Ed.2d 874 (1984). "So long, then, as restitution in any particular case is designed to further rehabilitation of the defendant ... we should presumably uphold the order of the trial judge." *Id.* at 1353. Although Bartsh contends he was entitled to a $400,000 credit, he failed to bring the matter to the district court's attention at sentencing and left the final determination up to the district court.

■ As noted above, Bartsh signed a plea agreement that specifically stated that the court could enter restitution in an amount up to $1.5 million. Bartsh urged the court to include the audit as part of the plea agreement, which revealed that a total of $1,564,517.52 was misappropriated by Bartsh. At sentencing the court adopted the PSR's recommendation that Bartsh be given a $500,000 credit for a fidelity bond he forfeited and ordered Bartsh to pay $1,064,517.52. Because courts may order restitution "to the extent agreed to by the parties in a plea agreement," 18 U.S.C. § 3663(a)(3) (Supp.1991), we hold the district court did not err in ordering Bartsh to pay restitution within the terms of the plea agreement.

■ Bartsh also argues the court erred in failing to make any findings about his ability to pay. "This court and others have held that district courts have the right to order restitution even though the defendant is an indigent at the time the sentence is imposed." *United States v. Means*, 961 F.2d 120, 120 (8th Cir.1992). Although we encourage sentencing courts to make specific findings of fact about the defendant's financial resources, *id.*, Bartsh was sentenced under the terms of a plea agreement and Bartsh did not object at the hearing. *See United States v. Andersen*, 928 F.2d 243, 245 (8th Cir.1991) (per curiam) (although should consider defendant's ability to pay restitution, defendant could not challenge restitution provision set out in plea agreement). Finally, Bartsh is protected by constitutional safeguards that al-

low him to assert his indigency at any future enforcement proceeding and he cannot be punished by incarceration for failure to pay his fine. *Means*, 961 F.2d at 121.

### C. Sentence

■ Bartsh contends the court erred in departing upward from the Guidelines under 18 U.S.C. § 3553(b). Section 5K2.0 provides that "the sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.'" (quoting 18 U.S.C. § 3553(b)). U.S.S.G. § 5K2.0, p.s. In reviewing the court's decision to depart, we use a three step process: first, we determine whether the circumstances justify a departure, which we determine de novo; second, we look to see if the factual findings cited by the district court actually exist, which we review under the clearly erroneous standard; and third, we determine whether the degree of departure is unreasonable. *United States v. Saunders*, 957 F.2d 1488, 1492 (8th Cir.), *cert. denied*, — U.S. —, 113 S.Ct. 256, 121 L.Ed.2d 187 (1992).

In the first step, we determine whether the circumstances cited by the district court justify an upward departure. Bartsh presents two arguments. First, he argues the court failed to give specific reasons for its departure as required by 18 U.S.C. § 3553(c). We disagree. The court gave the following specific reasons for its departure:

> Although a two-level increase has been applied here for abuse of trust under Section 3[B]1.3, there is nothing in the guidelines to indicate that the Sentencing Commission considered an abuse of trust by a United States bankruptcy trustee embezzling funds.
>
> This defendant's embezzlement of nearly 1.5 million from an account that he as a federal officer was charged with faithfully managing represents an inordi-

nate abuse of trust that is of a different kind and substantially in excess of the degree which is ordinarily involved in the usual abuse of trust offense.

> The Court is satisfied that this embezzlement by a federal officer is atypical of embezzlement contemplated by the Commission. The defendant in this case embezzled from an account that was in receivership because the victims had already been defrauded by others, and the embezzlement of funds by this defendant essentially victimized the parties a second time, because the funds that were embezzled resulted in additional loss, and the delayed disbursement of such funds as were in the receivership.
>
> Such conduct from an individual whose weighty responsibility it was to assist others substantially destroys the public's general confidence in the normally highly regarded faithful administration of duties by agents of the judicial branch of the government.

Sentencing Transcript at 23–24.

■ Second, Bartsh argues the court erred in departing based on a factor already calculated into the Guidelines. In calculating Bartsh's base offense level, the court added two levels under U.S.S.G. § 3B1.3 for abuse of trust[4]. The court then considered all of the factors surrounding Bartsh's conviction, determined that the guideline range was insufficient and that some departure was warranted based on Bartsh's "inordinate" abuse of trust as receiver for the FTC. Although abuse of trust is a factor already considered U.S.S.G. § 3B1.3, the Guidelines provide that a court may depart based on a factor already considered by the Sentencing Commission if the factor is "present to a *degree substantially in excess* of that which ordinarily is involved in the offense of conviction." U.S.S.G. § 5K2.0, p.s. (emphasis added).

■ The court stated that there is nothing in the Guidelines to indicate the Sentencing Commission considered an abuse of trust by a bankruptcy trustee. In depart-

---

**4.** Section 3B1.3 provides that "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significant- ly facilitated the commission or concealment of the offense, increase by 2 levels."

ing based on the "atypical" nature of the abuse of trust, the district court relied on *United States v. Fousek*, 912 F.2d 979, 981 (8th Cir.1990) (per curiam). In *Fousek*, the court raised the defendant's offense level under § 3B1.3 for abuse of trust and then departed upward from the Guidelines because the court "conclude[d] that embezzlement by a bankruptcy trustee is atypical of the embezzlement contemplated by the Sentencing Commission." *Id.* at 981. In our view, the district court was not only amply justified, but almost compelled by this factual situation to depart upward from the Guidelines's sentencing range due to Bartsh's abuse of trust. Bartsh was appointed by the court to assist the victims of fraudulent activity; in turn he victimized those same individuals a second time by embezzling over $1.5 million dollars. As a court officer, Bartsh's actions amounted to a degree of abuse of trust not adequately taken into account in the Guidelines.

Concluding that the court relied on proper factors in departing, we now proceed to the second step of the analysis and determine whether the district court's findings of fact are supported by the evidence. *Saunders*, 957 F.2d at 1493. The plea agreement set forth the details of Bartsh's offense and the parties do not dispute that Bartsh embezzled funds and abused his position as a receiver for FTC. In fact, Bartsh's attorney admitted at the sentencing hearing that "[t]here clearly are factors in this case that gives this Court the discretion to depart upward." Sentencing Transcript at 14. Thus, the district court's findings of fact are not clearly erroneous. *Saunders*, 957 F.2d at 1493.

Finally, we review the overall reasonableness of the district court's departure. We must give due regard to the "district court's superior 'feel' for the case." *United States v. Snover*, 900 F.2d 1207, 1211 (8th Cir.1990). The court departed from the 24 to 30 month range and sentenced Bartsh to 72 months imprisonment. Based on the extent of Bartsh's embezzlement and his position as an officer of the court, we believe the 72 month sentence was reasonable. Although Bartsh did not expressly waive his right to appeal his sentence, he entered into a plea agreement that provided that the court could sentence him to any period less than the statutory maximum of ten years. The six-year sentence was within the range set forth in the plea agreement and Bartsh knowingly and voluntarily entered into the agreement. Because this is not the case where an uninformed defendant accepted a plea without knowledge of the potential consequences, we hold the court's departure from the guidelines was reasonable. *See United States v. Fritsch*, 891 F.2d 667, 668 (8th Cir.1989) ("a defendant who explicitly and voluntarily exposes himself to a specific sentence may not challenge that punishment on appeal.").

## III. CONCLUSION

Bartsh entered into a plea agreement that specifically left determination of the length of his sentence and amount of restitution to the district court. The court sentenced Bartsh and ordered restitution within the terms of the plea agreement and the applicable law. Affirmed.