**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Thomas Chisolm BARTSH,
Defendant–Appellant.**

No. 95–1079.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 17, 1995.

Decided Nov. 6, 1995.

Kevin J. Short, Minneapolis, Minnesota, argued, for appellant.

Denise D. Reilly, Assistant U.S. Attorney, argued (Richard Murphy, Legal Intern., on the brief), for appellee.

Before WOLLMAN, FLOYD R. GIBSON, and MORRIS ARNOLD, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

Appellant Thomas Bartsh pleaded guilty to a two-count indictment charging him with interstate transportation of embezzled money in violation of 18 U.S.C. § 2314 (1988) and embezzlement by a court receiver in violation of 18 U.S.C. § 645 (1988).[1] We affirmed his sentence in *United States v. Bartsh*, 985 F.2d 930 (8th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1204, 127 L.Ed.2d 551 (1994) (*Bartsh I* ). We subsequently granted his petition for rehearing in part and remanded

the case to the district court in order to recalculate the amount of restitution due. *United States v. Bartsh,* 7 F.3d 114 (8th Cir.1993) (*Bartsh* II). Bartsh now appeals his sentence[2] again. We have jurisdiction pursuant to 18 U.S.C. § 3742 (1988), and we affirm.

## I. BACKGROUND

In December of 1982, Bartsh was appointed as receiver in the civil case *In Re Flight Transportation Corporation Securities Litigation,* Master Docket No. 4–82–874. In 1987, Bartsh began embezzling money from the FTC estate. As a result, Bartsh was charged with and pleaded guilty to interstate transportation of embezzled money in violation of 18 U.S.C. § 2314 and embezzlement by a court receiver in violation of 18 U.S.C. § 645. The original PSR calculated that Bartsh had misappropriated a total of $1,320,622.38. The PSR also held Bartsh responsible for $243,855.14 in lost interest, placing the total amount of loss at $1,564,-517.52.

Bartsh's total offense level and criminal history category placed him in the 24–30 months imprisonment range under the United States Sentencing Guidelines. The original sentencing court, however, found the two-level abuse of trust enhancement available under USSG § 3B1.3 inadequate to reflect Bartsh's abuse of his position as an appointed federal officer and departed upward, sentencing Bartsh to 72 months imprisonment, three years of supervised release, and ordering him to pay $1,064,517.52 in restitution.

Bartsh appealed his sentence, claiming that the district court failed to make specific findings of fact regarding the amount of loss, that the amount of loss should not have included lost interest, that the amount of restitution was erroneous, and that the original sentencing court erred in departing upward from the sentencing guideline range. This court affirmed Bartsh's sentence and restitution order in all respects in *Bartsh I,* 985 F.2d at 932–35. We subsequently grant-

---

**1.** The late Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

**2.** The Honorable David Doty, United States District Judge for the District of Minnesota.

ed Bartsh's petition for rehearing in part and remanded the case "for the limited purpose" of recalculating the amount of restitution due. *Bartsh II*, 7 F.3d at 114.

On remand, a revised supplemental addendum to the presentence report was prepared for the sentencing hearing. That addendum made two changes to the calculation of the amount of loss. First, it reduced the amount of interest from $243,855.14 to $80,299.63 by correcting mathematical errors in the original presentence report. Second, the addendum credited Bartsh with $200,000.00 worth of legal services rendered in 1987 and 1988. In addition, the district court struck the remaining $80,299.63 in interest based on subsequent changes in the United States Sentencing Guidelines. The net effect of these changes was to reduce the total amount of loss from $1,564,517.52 to $1,120,662.38, approximately 28%, thereby eliminating a 40% overstatement in the original amount of loss calculation. After subtracting sums already paid, the district court held Bartsh responsible for the remaining balance of $457,381.98.

At the sentencing hearing Bartsh urged the district court to reconsider the original sentencing court's upward departure. Based on our prior decision affirming Bartsh's sentence and the limited scope of our remand (for restitution calculation only), the district court determined that it was bound by our prior decision and lacked discretion to revisit that issue. Bartsh now appeals the district court's refusal on remand to reconsider the original sentencing court's upward departure.

## II. DISCUSSION

■ This appeal is governed by the "law of the case" doctrine and its close relation, the mandate rule. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478 (1981 & Supp.1995). The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy. *Bethea v. Levi Strauss & Co.*, 916 F.2d 453, 456–57 (8th Cir.1990). Under this doctrine, "a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice." *United States v. Callaway*, 972 F.2d 904, 905 (8th Cir.1992) (per curiam).

■ "Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system." 18 Wright, Miller & Cooper, *supra*, § 4478 at 792. "If there are no explicit or implicit instructions to hold further proceedings [on remand], a district court has no authority to re-examine an issue settled by a higher court." *Bethea*, 916 F.2d at 456. When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, *id.*, and the district court on remand must "adhere to any limitations imposed on its function at resentencing by the appellate court." *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir.1992) (citing *United States v. Prestemon*, 953 F.2d 1089 (8th Cir.1992) (trial court could not consider new bases for downward departure where remand was limited to resentencing within the applicable guideline range)). "Under the law of the case doctrine, a district court must follow our mandate, and we retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms." *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir.1995).

■ In *Bartsh I*, 985 F.2d at 934–35, we explicitly affirmed the original sentencing court's upward departure and subsequently remanded the case in *Bartsh II*, 7 F.3d at 114, "for the limited purpose" of recalculating the amount of restitution due. Bartsh does not challenge the district court's conclusion that our previous decision affirming his sentence is law of the case. He asserts, however, that the law of the case doctrine should not have precluded further review of this issue because he has introduced "substantially different" evidence on remand and because our prior decision was clearly erroneous and works manifest injustice. We disagree. The remand was solely on the mathematical restitution issue.

## A.  Substantially Different Evidence

■  Bartsh argues that the revised supplemental addendum to the presentence report (RSAPR) which reduced the amount of loss by approximately 28% constitutes substantially different evidence justifying a departure from our previous decision.  The information contained in the RSAPR, however, is neither different nor substantial for purposes of this appeal.  The RSAPR presented no new substantive evidence, but merely a recalculation of the same evidence that was offered at the original sentencing hearing.  The mere fact that Bartsh failed to object to the miscalculation at the original sentencing hearing does not render its subsequent recalculation "different" evidence on remand.

Even if the recalculations contained in the RSAPR could be considered "different" evidence, those differences are insubstantial for purposes of this appeal.  The 28% net reduction in the amount of loss calculation from $1,564,517.52 to $1,120,662.38 would have had no effect whatsoever on Bartsh's sentencing range under the applicable version of the Guidelines.  USSG § 2B1.1(b)(1)(L) (1988).  Nor would it have influenced the original sentencing court's decision to depart upward from the applicable guideline range.  That decision was based entirely on Bartsh's abuse of his position of trust as a federal officer.  Nor would the difference in the amount of loss have affected our prior decision affirming that upward departure.  While our decision relied on both "the extent of Bartsh's embezzlement and his position as an officer of the court," *Bartsh I,* 985 F.2d at 935, Bartsh's corruption of his federal office stands alone as sufficient grounds for affirming the departure.  *United States v. Fousek,* 912 F.2d 979 (8th Cir.1990) (per curiam) (affirming upward departure based on defendant bankruptcy trustee's abuse of position through embezzlement of estate funds).  Even if it did not, Bartsh still concedes to embezzling well over one million dollars from the estate.  As such, we conclude that Bartsh has presented no substantially different evidence warranting a departure from our prior decision.

## B.  Clear Error Resulting in Manifest Injustice

■  Bartsh claims that our prior decision affirming the original sentencing court's upward departure was clearly erroneous and resulted in manifest injustice.  We disagree.  As already observed, none of the errors in the original PSR had any affect whatsoever on Bartsh's sentencing range under the applicable version of the Guidelines.  Bartsh, however, argues that the errors in the original PSR violated his "due process right to be sentenced on accurate and reliable information."  Appellant's brief at 15.  A simple error in sentencing information, however, does not constitute a due process violation so long as the defendant "was afforded an adequate opportunity to challenge the information."  *West v. United States,* 994 F.2d 510, 512 (8th Cir.1993) (quotation omitted).  Because Bartsh was afforded such an opportunity at the original sentencing hearing, we find no due process violation.

In a related argument, Bartsh argues that our prior decision affirming the original sentencing court's upward departure was clearly erroneous and manifestly unjust because it relied on the overstated extent of his embezzlement as well as his abuse of his appointed office.  As we have previously observed, there is nothing clearly erroneous or manifestly unjust in affirming such an upward departure when an appointed federal officer concedes to embezzling more than one million dollars from the estate he has been charged to oversee.

## III.  CONCLUSION

This Court has already affirmed the upward departure Bartsh sought to challenge on remand, and the limited scope of our remand was clear.  Because we find neither exception to the law of the case doctrine/mandate rule applicable, we conclude that the district court did not err in determining that our prior decision precludes further review of this matter.  For these reasons, we affirm Bartsh's sentence.