UNITED STATES of America, Appellee,

v.

**John Russell BROWN, Appellant.**

No. 95–2203.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1995.

Decided Nov. 24, 1995.

R. Thomas Day, Asst. Pub. Defender (argued), E. St. Louis, Missouri, argued, for appellant.

Suzanne Modelin Flanegin, Asst. U.S. Attorney (argued), St. Louis, Missouri, argued, for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Following our remand in *United States v. Brown*, 33 F.3d 1002 (8th Cir.1994), John Russell Brown appeals from a judgment of the district court entered upon a jury verdict finding him guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d), use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). We affirm.

On October 28, 1992, at about 10:20 a.m., a man wearing a wig entered the First National Bank of Annapolis, Missouri. Once inside, he pulled a stocking over his face, displayed a gun and confirmed he was robbing the bank. A bank employee went to the vault and filled the robber's bag with approximately $29,-400.00 in cash. The day after the robbery, a boy found two duffel bags containing bundles of money, a gun, a wig and stockings, and notified the authorities. The next day, an officer was monitoring the site when he saw Brown approach the bags. After Brown opened one of the bags, he was arrested.

In the previous appeal, we reversed Brown's convictions because the district court failed to give a requested accessory-after-the-fact instruction. *Brown*, 33 F.3d at 1004. In that appeal, Brown also argued that the district court had abused its discretion in refusing to sever the unlawful possession count from the bank robbery counts, asserting that while his previous felony convictions were relevant to the possession count the nature of the convictions, which included three for armed bank robbery, "was unfairly prejudicial with respect to the bank robbery counts." *Id.* at 1005. Noting that Brown had waived the severance issue because he testified at trial about the offenses and that disposition of the instruction issue made resolution of the issue unnecessary, we nonethe-less addressed it because the "issue may arise on remand." *Id.* Relying on *United States v. Williams*, 923 F.2d 76 (8th Cir.) (per curiam), *cert. denied*, 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991), we rejected Brown's claim of prejudice. In *Williams, id.* at 78, we found no prejudice arising from a failure to sever bank robbery counts from an unlawful possession count because the government had stipulated that the defendant had been convicted of prior felonies but did not disclose information about the nature of the convictions. In *Brown*, 33 F.3d at 1005, we noted that the government stipulated that Brown had been convicted of five felonies but did not disclose the nature of the underlying offenses.

On remand, Brown again moved to sever the possession count from the bank robbery counts and the district court denied the motion. At trial, the government stipulated that Brown had five felony convictions but did not disclose the nature of the offenses. In addition, the government presented the testimony of the officer who arrested Brown as he attempted to retrieve the bags, four bank employees who had identified Brown as the robber shortly after the robbery from a photographic display and again identified him in court, and a traffic flagger who identified Brown as the driver of a truck she saw shortly before and after the robbery.

Brown's sole issue on appeal is that the district court abused its discretion in refusing to sever the possession count from the bank robbery counts. Although we are inclined to agree with the government that the law-of-the-case doctrine is applicable and we need not revisit the severance issue, *see United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995), we address it and hold it is without merit. As in the first appeal, Brown cannot demonstrate prejudice from the district court's failure to sever because the government's stipulation did not disclose the nature of Brown's prior felony convictions. *See Brown*, 33 F.3d at 1005.

Accordingly, the judgment is affirmed.