# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1756

_____

United States of America,  *
                            *
             Appellee,      *
                            *
        v.                  *
                            *
Timothy Daniel Sessions,    *
                            *
             Appellant.     *


_____                 Appeals from the United States
                            District Court for the Eastern
No. 00-1791                 District of Arkansas.

_____                 [UNPUBLISHED]

United States of America,  *
                            *
             Appellee,      *
                            *
        v.                  *
                            *
Vincent Elliott Allen,      *
                            *
             Appellant.     *

_____

Submitted:  September 13, 2000

Filed: October 2, 2000

_____

Before RICHARD S. ARNOLD, LAY, and FAGG, Circuit Judges.
_____

PER CURIAM.

While burglarizing an Arkansas gun shop, three men took 83 weapons and $6316 in cash. They also damaged the alarm system, display cases, and a window. Timothy Sessions, a gun shop employee and acquaintance of one of the burglars, gave the burglars information about the store's alarm system just hours before the burglary. Vincent Allen, a cab company mechanic, drove the burglars to and from the gun shop in exchange for three of the stolen weapons. Sessions was later convicted of misprision of a felony under 18 U.S.C. § 4 for failing to reveal what he knew about the burglary and was sentenced to 12 months imprisonment. Allen pleaded guilty to aiding and abetting the theft of firearms from a federally licensed dealer in violation of 18 U.S.C. § 922(u), was sentenced to 30 months imprisonment, and was ordered to pay full restitution of $48,600 jointly and severally with the other burglars. Sessions appeals his conviction and Allen appeals the restitution order. We affirm.

We reject Sessions' meritless claim that his motion for judgment of acquittal should have been granted because the evidence was insufficient to support a conviction for misprision of a felony. The jury heard testimony that Sessions met with the burglars the night of the burglary and gave them information about the gun store's security system, paged one of the burglars the day after the burglary to tell him the police were following a different lead, and gave incomplete information to police regarding his knowledge of the burglary. We also reject Sessions' argument that his Fifth Amendment right not to incriminate himself made it unnecessary for him to give police all the information known to him about the burglary. Because Sessions gave the police partial information that was misleading, Sessions cannot rely on the Fifth Amendment for protection. See Brogan v. United States, 522 U.S. 398, (1998) (Fifth Amendment privilege against compulsory self-incrimination allows witness to remain silent, but not to swear falsely).

Allen claims the restitution order violated the terms of his plea agreement. We disagree. Although the parties stipulated in the plea agreement that, for relevant conduct purposes, Allen's sentence would be calculated based on the three weapons he received as payment for driving the burglars, the plea agreement specifically stated that "[e]ven if [] restitution is not mandatory for this offense, the United States may require full restitution to all victims as a condition of this plea agreement." Thus, the district court could properly order full restitution. See United States v. Bartsh, 985 F.2d 930, 933 (8th Cir. 1993).

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.