# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1928

_____

United States of America,             *
                                     *

        Appellee,         *

                                     *

    v.                    *

                                     *

Lenora Logan,               *

                                   *

        Appellant.       *

|  |  |
|---|---|
| _____<br><br>No. 02-1932<br><br>_____ | Appeals from the United States<br>District Court for the<br>Southern District of Iowa. |

United States of America,             *

                                   *      [PUBLISHED]

        Appellee,         *

                                   *

    v.                    *

                                   *

Keith Maynie,              *

                                   *

        Appellant.       *

_____

Submitted:  December 12, 2002
Filed:  June 27, 2003

_____

Before HANSEN,[1] Chief Judge, HEANEY and BYE, Circuit Judges.

_____

PER CURIAM.

A jury found Lenora Logan, Keith Maynie, Jr., and codefendant Dietrick Banks guilty of conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994), and they were sentenced to life imprisonment and ten years supervised release. We affirmed their convictions, but vacated their sentences based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and remanded "with directions to resentence each defendant to a 30-year term of imprisonment." See United States v. Maynie, 257 F.3d 908, 918-21 (8th Cir. 2001), cert. denied, 534 U.S. 1151, and cert. denied, 535 U.S. 944 (2002). On remand, the district court[2] sentenced Logan and Maynie to thirty years imprisonment and ten years supervised release.

On appeal, Logan and Maynie both argue that the district court erred on remand in finding that it lacked discretion to deviate from the sentence ordered by this court. Maynie also argues that the sentencing judge impermissibly made the finding of drug identity. Logan raises a number of additional arguments addressing trial rulings and the consolidation of cases on appeal. Specifically, she argues that the district court should have granted her a downward departure for postsentencing rehabilitation; the court erred in denying her motion for a new trial based on the introduction of her timecards as alibi evidence; the district court should have granted her motions for a continuance and for issuance of subpoenas at government expense;

_____

[1]The Honorable David R. Hansen stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 31, 2003. He has been succeeded by the Honorable James B. Loken.

[2]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

the trial court erred in denying her motion for a directed verdict based on the alleged unreliability of the government's witnesses; and the court should not have used Logan's prior convictions to calculate her sentence. We reject all of these arguments and affirm.

The district court correctly found that it was bound by our mandate to sentence Logan and Maynie to thirty years imprisonment. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995). Maynie's argument regarding drug identity is precluded because he failed to raise it prior to the initial sentencing or in his first appeal. See United States v. Stuckey, 255 F.3d 528, 531 (8th Cir.), cert. denied, 534 U.S. 1011 (2001). Logan's remaining sentencing-related arguments are precluded because they raise or are essentially based on arguments that were resolved in the prior appeal. See Bartsh, 69 F.3d at 866. Contrary to Logan's assertion, neither exception to the "law of the case" or mandate rules applies here because Logan did not present "substantially different evidence," and because the prior panel decision does not work a "manifest injustice." See id. Furthermore, both of the Appellants' arguments are beyond the limited scope of the mandate for resentencing. See United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999).

The district court did not abuse its discretion in denying Logan's motion for a new trial where the evidence presented by Logan was not "newly discovered." See United States v. Oberhauser, 284 F.3d 827, 833 (8th Cir. 2002) (holding that a motion for a new trial must be based on "newly discovered evidence" that was not available to counsel before trial). We summarily reject Logan's arguments regarding the denial of her motions for a continuance and for issuance of subpoenas because they necessarily relate to the motion for a new trial.

Because the underlying sentencing issues are the same, and because a court is presumed to consider the merits of each claim fairly and impartially, there was no abuse of discretion in consolidating the Logan, Maynie, and Banks appeals. See

EEOC v. HBE Corp., 135 F.3d 543, 550-51 (8th Cir. 1998); Fed. R. App. P. 3(b)(2). Finally, we decline to address any of Logan's arguments that are based on an assertion that her trial counsel was ineffective. She must raise this claim in the district court in a proceeding under 28 U.S.C. § 2255. See United States v. Jennings, 12 F.3d 836, 840 (8th Cir. 1994).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.