# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 03-3277

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Northern |
| v. | * | District of Iowa. |
| | * | |
| Marvin L. Swick, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: January 30, 2003

Filed: February 6, 2004

———————

Before BYE, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

———————

PER CURIAM.

Marvin Swick challenges the sentence the district court[1] imposed at resentencing after his jury trial conviction for tampering with consumer products, with reckless disregard for the risk to others, in violation of 18 U.S.C. § 1365(a). On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967). Swick has filed a pro se supplemental brief.

—————————————

[1]The Honorable Donald E. O'Brien, United States District Court Judge for the Northern District of Iowa.

In a prior appeal, we vacated Swick's sentence and remanded for application of an obstruction-of-justice enhancement and resentencing within the applicable Guidelines range. See United States v. Swick, 334 F.3d 784, 788-90 (8th Cir. 2003). At resentencing the district court applied the enhancement and sentenced Swick within the resulting Guidelines range, and counsel argues in the Anders brief that the enhancement was erroneous. This argument fails, however, because the issue was resolved in the previous appeal, see id., and counsel has not shown that our decision was clearly erroneous or manifestly unjust, see United States v. Logan, 333 F.3d 876, 877-78 (8th Cir.) (per curiam), cert. denied, 124 S. Ct. 490 (2003), and cert. denied, 124 S. Ct. 970 (2003); United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995).

Swick's pro se brief raises arguments relating to ineffective assistance of trial counsel, which are not properly before us. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003) (ineffective-assistance claims are ordinarily deferred to 28 U.S.C. § 2255 proceedings).

Having found no nonfrivolous issues after reviewing under Penson v. Ohio, 488 U.S. 75, 80 (1988), the portions of the record pertaining to resentencing, we affirm.

_____