# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2658

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Joseph Anthony Porrello, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: October 27, 2009
Filed:  October 30, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Joseph Anthony Porrello challenges the 330-month prison sentence the district court[1] imposed following this court's remand for resentencing.

After a jury found Porrello guilty of multiple charges involving armed robbery, money-laundering, and use and carrying of a firearm in relation to a crime of violence, the district court imposed a total prison sentence of 421 months in prison, which

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

included 60-month and 240-month consecutive sentences on the two firearm counts, and concurrent terms of 121 months and 60 months on the remaining counts. See 18 U.S.C. § 924(c)(1) (1996) (first § 924(c) conviction requires consecutive sentence of not less than 5 years, and second conviction requires consecutive sentence of not less than 20 years). After resolution of an evidentiary issue, see United States v. Hatcher, 323 F.3d 666, 674 (8th Cir. 2003), we affirmed, see United States v. Hatcher, 142 Fed. Appx. 956, 957 (8th Cir. 2005) (unpublished per curiam), but later vacated the judgment and remanded for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). On remand, the district court reimposed the consecutive firearm sentences but reduced the prison sentences on the remaining counts to concurrent terms of 1 day in prison. We reversed, concluding that the district court erred in considering the severity of the consecutive section 924(c) firearm sentences in justifying its extraordinary variance from the Guidelines range of 121-151 months to 1 day in prison, which amounted to a significant weighting of an improper factor and an abuse of sentencing discretion. We remanded for resentencing consistent with our opinion. See United States v. Hatcher, 501 F.3d 931, 933-35 (8th Cir. 2007), cert. denied, 128 S. Ct. 1133 (2008).

On remand, the district court once again imposed the consecutive firearm sentences (totaling 300 months, or 25 years) but resentenced Porrello on the remaining counts to concurrent 30-month prison terms. Porrello appeals, arguing that under Gall v. United States, 128 S. Ct. 586 (2007), the district court erred in following this court's mandate and should have exercised its broad discretion to reimpose the 1-day prison terms. For the following reasons, we affirm.

Our reversal in 2007 was based on the district court's abuse of discretion in giving significant weight to an improper factor, namely, the consecutive prison terms on the firearm convictions, and following Gall, a district court still abuses its discretion when it gives significant weight to an improper factor in choosing a sentence. See United States v. O'Connor, 567 F.3d 395, 396 (8th Cir.) (citing Gall

-2-

and reviewing substantive reasonableness of sentence under abuse-of-discretion standard that included determining whether district court gave significant weight to improper factor), cert. denied, 2009 WL 3045983 (U.S. Oct. 20, 2009) (No. 09-6618).[2] The district court was therefore required to follow our mandate, and the court did so by reconsidering the sentences for the non-firearm convictions independently of the consecutive sentences for the two firearm convictions, and in light of its thorough review of the 18 U.S.C. § 3553(a) factors. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (under law-of-case doctrine and closely related mandate rule, decision in prior appeal is followed in later proceedings unless, inter alia, prior decision is clearly erroneous and works manifest injustice; district court must follow appellate court's mandate).

Accordingly, we affirm.

_____

_____

[2]Other circuits agree that imposition of a consecutive section 924(c) sentence is an improper factor in determining a non-section 924(c) sentence. See United States v. Calabrese, 572 F.3d 362, 369-70 (7th Cir. 2009) (declining to overrule United States v. Roberson, 474 F.3d 432, 433-37 (7th Cir. 2007) (§ 924(c)(1)'s mandatory consecutive sentences may not be used to justify reduced sentence for underlying crime, which must be determined independently of any sentence imposed under § 924(c); collecting cases, including Hatcher, 501 F.3d 931), petition for cert. filed, (U.S. Oct. 13, 2009) (No. 09-446).