# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2464

_____

In re: John P. Raynor,                          *
                                                *
            Debtor.                             *
                                                *
_____                                *
                                                *
                                                *
Richard D. Myers, Trustee of the               *
John P. Raynor Chapter 7 Bankruptcy,           *
                                                *   Appeal from the United States
            Appellee,                           *   Bankruptcy Appellate Panel
                                                *   for the Eighth Circuit.
      v.                                        *
                                                *
Maureen Raynor; John Patrick Raynor,           *
                                                *
            Appellants.                         *

_____

Submitted: March 9, 2010
Filed: August 23, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

Randy Myers, a Chapter 7 trustee, brought an adversary proceeding to avoid certain transfers that debtor John Raynor ("John") had made to his wife, Maureen Raynor ("Maureen"). The district court upheld the bankruptcy court's denial of Maureen's motion to dismiss the suit as time-barred by the statute of limitations. John

intervened and filed his own motion to dismiss the trustee's claims as untimely. The bankruptcy court denied this motion. The trustee and debtors then entered into a stipulated judgment, with the debtors reserving the right to appeal the timeliness issue to an Eighth Circuit Bankruptcy Appellate Panel (BAP). On appeal, the BAP affirmed the stipulated judgment entered by the bankruptcy court, ruling that the BAP must defer to the district court's original determination that the cause of action was not time-barred and, pursuant to the law of the case doctrine, declined to revisit the issue. The debtors appeal the decision of the BAP, again arguing that the statute of limitations barred Myers's avoidance suit. We affirm.

## I. *Background*

On September 13, 2004, John filed a voluntary Chapter 11 bankruptcy petition,[1] and Myers was appointed trustee. On September 13, 2006, Myers filed an adversary proceeding against Maureen, seeking to avoid several transfers John made to Maureen. Maureen filed a motion to dismiss the trustee's suit as time-barred under 11 U.S.C. § 546(a), which the bankruptcy court denied. Maureen brought an interlocutory appeal to the district court, which in a November 21, 2007 order affirmed the bankruptcy court's orders denying Maureen's motion to dismiss. The district court concluded that Myers timely filed the adversary proceeding because the time-computation rules found in Federal Rule of Bankruptcy Procedure 9006(a) applied to the case and therefore calculation of the limitations period found in § 546(a) would begin on the day following the date the bankruptcy petition was filed—September 14, 2004—and end on the anniversary date of the petition filing—September 13, 2006. This court and the Supreme Court denied Maureen's petitions for mandamus and certiorari, respectively.

Eventually, on October 6, 2008, John filed a motion to dismiss, again on the basis that Myers's motion was time-barred. The bankruptcy court denied John's

---

[1]John later converted his petition to a Chapter 7 petition.

motion. The Raynors jointly appealed this order to the BAP, which denied the Raynors' motion for leave to take an interlocutory appeal and dismissed the appeal. This court also denied the petition for permission to appeal.

The Raynors then filed a stipulated judgment with the bankruptcy court, settling the avoidance suit for $76,391.12. The stipulated judgment allowed for the Raynors to appeal the timeliness issue to the BAP and then pursue an appeal of the BAP decision to this court.

The BAP affirmed the stipulated judgment entered by the bankruptcy court, deferring to the district court's November 21, 2007 determination that the cause of action was not time-barred and, pursuant to the law of the case doctrine, declined to revisit the issue.[2]

## II. *Discussion*

The Raynors argue that the BAP erred in finding that the trustee's September 13, 2006 complaint was timely filed under Rule 9006(a) and § 546(a). The Raynors assert that Supreme Court precedent holds that a limitations period must begin to run the day that the cause of action accrues and therefore the BAP erroneously held that the period began the day after the cause of action accrued. Myers maintains that under the computation rules of Rule 9006(a) the statute of limitations had not run until September 14, 2004, so a complaint for relief filed on the anniversary date of the entry of the order—September 13, 2004—is timely.

## A. *Law of the Case*

As an initial concern, we address Myers's argument that we should not review this matter because of the law of the case doctrine. We disagree. "Law of the case" is a policy of deference under which "a court should not reopen issues decided in earlier

---

[2]The district court in this case was sitting as the appellate court.

stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997); *see also Little Earth of the United Tribes, Inc. v. United States Dep't of Hous. & Urban Dev.*, 807 F.2d 1433, 1438 (8th Cir. 1986) ("The law of the case doctrine applies to issues implicitly decided in earlier stages of the same case."). The law of the case "prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions, protect the expectations of the parties, and promote judicial economy." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995). We have held that "[w]hen an appellate court remands a case . . . all issues decided by the appellate court become the law of the case . . . ." *Id.*

"Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system." *Id.* (internal quotations and citation omitted). "When an appellate court remands a case to the district court, all issues decided by the appellate court become the law of the case, and the district court on remand must adhere to any limitations imposed on its function at resentencing by the appellate court." *Id.* (internal quotations and citations omitted). In fact, all the cases that Myers cites in support of his argument that we decline review concern inferior courts following the decisions of superior courts. Myers, in essence, asks that we construe the doctrine to hold the opposite—that superior courts are bound by decisions of inferior courts which act as appellate courts. Myers misconstrues the law of the case doctrine. As the reviewing court, we are bound by neither the district court nor the BAP decision.

The law of the case doctrine is inapplicable to this case. This case involves direct appellate review by this court of trial and intermediary appellate decisions. In doing so, we are not bound by the decisions of inferior courts, even lower courts acting as an appellate court. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) ("Just as a district court's adherence to law of the case cannot insulate

an issue from appellate review, a [BAP's] adherence to the law of the case cannot insulate an issue from [a superior court's] review.").

## B. *Statute of Limitations*

Having concluded that we are not bound by any previous decisions in this case, we turn to the sole issue on appeal—whether Myers's September 13, 2006 complaint is time-barred by § 546. As this case presents an issue of statutory interpretation, our review is de novo. *United States v. Templeton*, 378 F.3d 845, 849 (8th Cir. 2004). In addition, "[t]he issue of whether a suit is time-barred is a question of law . . . . " *McCord v. Minn. Mut. Life Ins. Co. Sales Practices Litig. (In re Minn. Mut. Life Ins. Co. Sales Practices Litig.)*, 346 F.3d 830, 835 (8th Cir. 2003). We review questions of law de novo. *DeBold v. Case*, 452 F.3d 756, 761 (8th Cir. 2006).

## 1. *Statutory Construction*

The Raynors argue that the trustee's suit against Maureen—which was filed on the two-year anniversary date of the Raynor's petition—is time-barred by § 546 of the Bankruptcy Code because it was filed "2 years after the entry of the order of relief."

Section 546 provides, in relevant part:

> (a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after . . .
>
> > (1) the later of—
> > > (A) 2 years after the entry of the order for relief . . . .

We construe the plain language of § 546 to set the statute of limitations period as a full two years, which we conclude in this case, would last from September 13, 2004, to September 13, 2006. The statute plainly forbids commencement of an action *after* "2 years after the entry of the order for relief . . . ." Thus, we conclude that "*after* September 13" is September 14 and thereafter, meaning that any action filed prior to

September 14, 2006, would not be time-barred. "When we find the terms of a statute unambiguous, judicial inquiry is complete . . . ." *Rubin v. United States*, 449 U.S. 424, 430 (1981). Therefore, under this plain-language review, we hold that Myers's complaint was timely, as it was filed before midnight on the anniversary date of the entry of the order for relief; in other words, by 11:59 p.m. on September 13, 2006. This is not a novel interpretation of this statute. *See also Callahan v. Moore (In re Gen. Creations, Inc.)*, 343 B.R. 548, 552 (Bankr. W.D. Va. 2006) (holding that where order for relief was entered on July 22, 2003, "the statute of limitations set forth in 11 U.S.C. § 546(a)(1)(A) ended at midnight on July 22, 2005"); *In re Steck*, 298 B.R. 244, 249 (Bankr. D.N.J. 2003) (holding that where the order for relief was entered on October 10, 2000, "the trustee had to commence an avoidance action *no later* than October 10, 2002") (emphasis added).

Myers proffers an alternative approach to calculating the appropriate limitations period. Myers asserts that Rule 9006(a) of the Federal Rules of Bankruptcy Procedure (adopting Rule 6(a) of the Federal Rules of Civil Procedure) governs the computation of time when a period of time to take action is prescribed by an applicable statute, such as § 546.

The relevant portion of Rule 9006 provides:

(a) Computing time

The following rules apply in computing any time period specified in these rules, in the Federal Rules of Civil Procedure, in any local rule or court order, or *in any statute* that does not specify a method of computing time.

(1) Period stated in days or a longer unit

When the period is stated in days or a longer unit of time:

-6-

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

(Emphasis added.)

If Rule 9006(a) applies, Myers's complaint is still timely. Rule 9006(a) states that "the day of the event that triggers the period"—September 13, 2004—shall *not* be included in the computation of the statute of limitations, meaning that the limitations period must begin, at its earliest, on the next day, September 14. Under this analysis, the limitations period in § 546—"2 years after the entry of the order for relief"—certainly would not have expired on September 13, 2006.

In deciding whether Rule 9006(a) applies to § 546, which is at the core of the parties' disagreement, we address for the first time the specific question of whether § 546(a) is jurisdictional or simply a statute of limitations. A time-computation rule, such as Rule 9006, is to be applied only when a statute of limitations is not jurisdictional. *See* Fed. R. Civ. P. 82 (preventing the use of the Rules of Civil Procedure to extend the jurisdiction of United States district courts); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) ("[B]efore determining whether we should apply [a time-computation statute] to the one-year time limit in § 2255, we must first determine whether that time limit is jurisdictional."). Therefore, if § 546 is not jurisdictional, the limitations period time-counting would start per Rule 9006(a) on the day following the date the petition was filed and end on the anniversary date of the petition filing.

We have not previously addressed this exact issue. We do so now and agree with a majority of courts that have addressed the applicability of Rule 9006(a) to § 546(a)[3] and hold that § 546(a) is *not* jurisdictional and thus Rule 9006(a) is the proper time-calculation method to use when applying § 546's limitations period. Applying Rule 9006(a), the limitations period in § 546(a) would begin on the day following the date the petition was filed—September 14, 2004—and end on the anniversary date of the petition filing—September 13, 2006—making Myers's September 13, 2006 filing of the adversary proceeding against Maureen Raynor timely.

Finally, we note that the plain language of Rule 9006 shows that it applies in this case regardless of how § 546(a) is characterized. By its own terms, Rule 9006 applies to "any statute that does not specify a method of computing time." Section 546 does not contain a method of computing time, making Rule 9006(a) applicable. *See*

---

[3]*See Pugh v. Brook (In re Pugh)*, 158 F.3d 530, 534–36 (11th Cir. 1998) (holding that the limitations period in 11 U.S.C. § 546(a) is a waivable statute of limitations subject to estoppel and equitable tolling, not a jurisdictional bar); *Callahan v. Moore (In re Gen. Creations, Inc.)*, 343 B.R. 548, 550 (Bankr. W.D. Va. 2006) ("Rule 9006(a) of the Federal Rules of Bankruptcy Procedure governs the computation of time when a period of time to take action is prescribed by an applicable statute, such as 11 U.S.C. § 546."); *S. Technical Coll. Inc. v. Ark. Television Co.* (*In re S. Technical Coll., Inc.*), 172 B.R. 253, 254 (Bankr. E. D. Ark. 1994) (applying Rule 9006(a) to two-year limitations period in § 546 and finding that date on which bankruptcy petition was filed was excluded from two-year period in deciding whether avoidance proceeding was timely); *Boatman v. Furnia (Matter of Sutera)*, 157 B.R. 519, 523 (Bankr. D .Conn. 1993) ("Congress intended that the Federal Rules of Bankruptcy Procedure be applicable in full, and without exception, to all provisions of the Bankruptcy Code, and that Rule 9006(a) shall apply to . . . § 546(a)."); *Amdura Corp. v. Faegre & Benson (In re Amdura Corp.)*, 142 B.R. 433, 435 (Bankr. D. Colo. 1992) (stating that "an abundance of case law in other circuits" supports idea that Rule 9006(a) applies to calculation of two-year statute of limitations in § 546(a)).

*Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 762 (Bankr. D. Mass. 1995) ("However, by its own terms, Rule 9006 applies to the computation of time '*under any applicable statute*', which obviously includes Bankruptcy Code Section 546(a).").

In conclusion, we hold that the plain language of § 546(a) provides that a complaint filed on the two-year anniversary of the entry of the order for relief, such as Myers's complaint, is not time-barred. Additionally, the time-computation rules of Rule 9006(a) apply to § 546, also making Myers's complaint timely.

## 2. *Supreme Court Precedent*

The Raynors also argue that Supreme Court case law requires a different result. The Raynors maintain that the accrual of a cause of action and the commencement of a statute of limitations statute begin together and that Supreme Court case law supports such construction (referred to by the Raynors as the "traditional rule"). The Raynors contend that Myers relied upon what they describe as the "modern rule" to separate the date of accrual of the cause of action from the commencement of the limitation statute by one day.

The Supreme Court decisions cited by the Raynors that employ the "traditional rule" for determining jurisdictional issues are inapposite and do not resolve this case in the Raynors' favor. *See Graham County Soil & Water Conservation Dist. v. United States*, 545 U.S. 409 (2005); *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal, Inc.*, 522 U.S. 192 (1997). The Supreme Court cases cited by the Raynors do, as the Raynors assert, employ the rule that the statute of limitations begins to run at the time the plaintiff has the right to apply for relief, thus rejecting attempts to extend the bar date to file an action on the basis of the injury discovery rule and other exceptions. *Graham County*, 545 U.S. at 418; *Bay Area Laundry*, 522 U.S. at 201. However, these opinions do not address the calculation of bar dates for statutes of limitations provisions stated in years, which is the sole issue in this case.

The Supreme Court has stated that "the default rule [is] that Congress generally drafts statutes of limitations to begin when the cause of action accrues." *Graham County*, 545 U.S. at 418. "[The Court has] repeatedly recognized that Congress legislates against the standard rule that the limitations period commences when the plaintiff has a complete and present cause of action." *Id.* (internal quotations and citation omitted). However, the argument in this case is not that the limitations period should be tolled until there is a complete and present cause of action but instead that the proper limitations statute and time-calculating method are found in § 546 and Rule 9006(a).

Applying Rule 9006(a) does not run afoul of *Graham.* Rule 9006 does not change any rule that the limitations period commences when the cause of action accrues; it simply provides a method to calculate that limitations period's precise dimensions. Therefore, Rule 9006(a) does not change the actual *length* of the limitations period, which is what the "traditional rule" warns against. Additionally, *Graham* considered a different issue: whether the six-year statute of limitations under the False Claims Act controlled retaliation claims under 31 U.S.C. § 3730(h) or if such a claim should be controlled by a shorter statute of limitations set by state law. *Id.* In *Graham*, the Supreme Court reconciled two plausible constructions of a statute of limitations, but in this case there is only one plausible construction of § 546(a). *See id.* at 419 ("[W]here, as the case is here, there are two plausible constructions of a statute of limitations, we should adopt the construction that starts the time limit running when the cause of action . . . accrues."). *Graham* is therefore distinguishable.

The Raynors also cite in support *Bay Area Laundry*. In that case, the Supreme Court construed a statute of limitations under the "traditional rule" to avoid a situation where the limitations period might begin to run before a cause of action had ever accrued. 522 U.S. at 201. In a subsequent case, the Court noted that "[t]he question presented in *Bay Area Laundry* was whether a statute of limitations could commence to run on one day while the right to sue ripened on a later day. We answered that

question, and only that question, 'no,' unless the statute indicates otherwise." *TRW Inc. v. Andrews*, 534 U.S. 19, 34 n.6 (2001). Again, the question we address was not presented in *Bay Area Laundry*, making the case inapposite.

## III. *Conclusion*

For the reasons stated, we affirm.

_____