**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILDEARTH GUARDIANS,

      Plaintiff-Appellant,

v.

SCOTT BIDEGAIN, Chairman of the
New Mexico State Game Commission,
sued in his official capacity,

      Defendant-Appellee,

and

JAMES LANE, Director of the New
Mexico Department of Game and Fish,
sued in his official capacity,

      Defendant,

and

NEW MEXICO TRAPPERS'
ASSOCIATION, et al.,

      Defendants-Intervenors-
      Appellees.

_____

ARIZONA GAME AND FISH
COMMISSION, et al.,

      Amicus Curiae.

No. 13-2001
(D. New Mexico)
(D.C. No. 1:12-CV-00118-LFG-KBM)

**ORDER**

---

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.

---

This matter is before the court on appellee's Motion for Clarification of Order and Judgment. The motion is granted. The amended Order and Judgment, filed nunc to the original filing date, February 19, 2014, is attached.

Entered for the Court

Elisabath A. Shumaker, Clerk

2

FILED
United States Court of Appeals
Tenth Circuit

**February 19, 2014**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILDEARTH GUARDIANS,

      Plaintiff - Appellant,

v.

SCOTT BIDEGAIN, Chairman of the
New Mexico State Game Commission,
sued in his official capacity,

      Defendant - Appellee,

and

JAMES LANE, Director of the New
Mexico Department of Game and Fish,
sued in his official capacity,

      Defendant,

and

NEW MEXICO TRAPPERS'
ASSOCIATION; NEW MEXICO
COUNCIL OF OUTFITTERS &
GUIDES, INC.; NEW MEXICO
FARM & LIVESTOCK BUREAU;
COALITION OF ARIZONA/NEW
MEXICO COUNTIES FOR STABLE
ECONOMIC GROWTH; UNITED
SPORTSMEN FOR FISH AND
WILDLIFE, INC.; NEW MEXICO
CATTLE GROWERS'
ASSOCIATION; NEW MEXICO
FEDERAL LANDS COUNCIL,

No. 13-2001
(D.C. No. 1:12-CV-00118-LFG-KBM)
(D. N.M.)

Defendants - Intervenors - Appellees.

_____

ARIZONA GAME AND FISH COMMISSION, STATE OF ALASKA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF KANSAS; STATE OF LOUISIANA; STATE OF MISSISSIPPI; STATE OF MONTANA; STATE OF OKLAHOMA; STATE OF TEXAS; STATE OF UTAH; SAFARI CLUB INTERNATIONAL,

Amici Curiae.

_____

**AMENDED ORDER AND JUDGMENT**[*]

_____

Before **HOLMES**, **MATHESON**, and **BACHARACH**, Circuit Judges.

_____

WildEarth Guardians sued the Director of the New Mexico Department of Game and Fish and the Chairman of the New Mexico Game Commission, asserting statutory and regulatory violations. *See* Endangered Species Act, 16 U.S.C. § 1538(a) (2006); 50 C.F.R. § 17.84(k) (2011). In the complaint, WildEarth alleged that trappers improperly killed or injured Mexican gray wolves, which are

_____

[*]    This order and judgment does not constitute precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. R. 32.1(A).

protected by statute and regulation. WildEarth faulted the Chairman for the trappings, claiming that he had failed to enact regulations to protect the wolves.

The district court dismissed with prejudice WildEarth's claims against the Director and the Chairman and granted summary judgment to the Defendants. WildEarth appealed the district court's order respecting only the Chairman.

The Chairman asks us to affirm on the merits, but alternatively urges us to uphold the dismissal based on Eleventh Amendment immunity. Seeking to avoid Eleventh Amendment immunity, WildEarth invokes *Ex parte Young*, 209 U.S. 123 (1908), arguing that the Chairman had a duty to adopt regulations protecting against carelessness among trappers. WildEarth conceded during oral argument that as a single member of the state game commission, the Chairman had no authority to promulgate such regulations. This concession implicates issues involving not only Eleventh Amendment immunity, but also Article III standing. *See Cressman v. Thompson*, 719 F.3d 1139, 1146 n.8 (10th Cir. 2013) (discussing how a state official's responsibilities create a "common thread" between the analysis of Eleventh Amendment immunity and Article III standing).

When faced with jurisdictional issues involving Eleventh Amendment immunity and Article III standing, the Court can decide which to address first. *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying

audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999))).  We choose to focus first on Article III standing.

Redressability is the third requirement of constitutional standing, an "essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The injury is redressable only if there is a substantial likelihood that the requested relief would provide redress.  *See Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1158 (10th Cir. 2005).  The Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing redressability.  *See N. Laramie Range Alliance v. FERC*, 733 F.3d 1030, 1034 (10th Cir. 2013).

At oral argument, the Plaintiff conceded that the Chairman alone could not redress its alleged injury.  The Plaintiff's concession is tantamount to a concession that it failed to establish Article III standing.  *See Bronson v. Swensen*, 500 F.3d 1099, 1111 (10th Cir. 2007) ("The redressability prong is not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute.").

In light of this concession, the Court dismisses the appeal and remands with instructions to the district court to vacate its judgment and dismiss the action as to the Chairman without prejudice to refiling.  *See Brereton v. Bountiful City Corp.*,

4

434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice.").

Entered for the Court

Per Curiam