# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3083

_____

Minnesota RFL Republican Farmer Labor Caucus; Vincent Beaudette; Vince for Statehouse Committee; Don Evanson; Bonn Clayton; Michelle MacDonald

*Plaintiffs - Appellants*

v.

Mike Freeman, in his official capacity as County Attorney for Hennepin County, Minnesota, or his successor; Mark Metz, in his official capacity as County Attorney for Carver County, Minnesota, or his successor; Karin L. Sonneman, in her official capacity as County Attorney for Winona County, Minnesota, or her successor; Kathryn Keena, in her official capacity as County Attorney for Dakota County, Minnesota, or her successor

*Defendants - Appellees*

Attorney General's Office for the State of Minnesota

*Intervenor - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: December 14, 2021
Filed: May 10, 2022
_____

Before SMITH, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

SMITH, Chief Judge.

This case concerns a challenge to the constitutionality of a section of the Minnesota Fair Campaign Practices Act (MFCPA). The plaintiffs, described as "political candidates, political associations, and individuals who engage in political activities relating to political elections and campaigns in Minnesota" brought this case under 42 U.S.C. § 1983 to assert a pre-enforcement First Amendment challenge to Minn. Stat. § 211B.02. R. Doc. 1, at 5. The plaintiffs sued four Minnesota county attorneys with authority to criminally prosecute violations of § 211B.02. *See* Minn. Stat. § 211B.16, subd. 3. The plaintiffs moved for a preliminary injunction to enjoin the county attorneys from enforcing § 211B.02 pending the district court's[1] entry of final judgment. The district court denied the motion. The plaintiffs now appeal the district court's denial of their preliminary-injunction motion. We affirm.

## I. *Background*

The relevant provision of the MFCPA provides that

[a] person or candidate may not knowingly make, directly or indirectly, a false claim stating or implying that a candidate or ballot question has the support or endorsement of a major political party or party unit or of an organization. A person or candidate may not state in written campaign material that the candidate or ballot question has the support or endorsement of an individual without first getting written permission from the individual to do so.

Minn. Stat. § 211B.02.

---

[1]The Honorable Eric C. Tostrud, United States District Judge for the District of Minnesota.

The MFCPA defines "[c]ampaign material" as "any literature, publication, or material that is disseminated for the purpose of influencing voting at a primary or other election, except for news items or editorial comments by the news media." Minn. Stat. § 211B.01, subd. 2.

Minnesota law authorizes any person to file a written complaint alleging a violation of § 211B.02 with the Minnesota Office of Administrative Hearings (OAH). *See* Minn. Stat. § 211B.32, subd. 1(a) ("[A] complaint alleging a violation of chapter . . . 211B must be filed with the office."). An administrative law judge (ALJ) then "make[s] a preliminary determination for its disposition." *Id.* § 211B.33, subd. 1. "If the [ALJ] determines that the complaint does not set forth a prima facie violation of . . . [§] 211B[.02], the [ALJ] must dismiss the complaint." *Id.* § 211B.33, subd. 2(a). An ALJ who determines that the complaint sets forth a prima facie violation of the statute has two options: (1) hold a probable cause hearing to determine if the violation occurred, or (2) permit the matter to proceed to a three-judge panel for final determination. *See id.* § 211B.33, subd. 2(b)–(c); *id.* § 211B.34, subd. 2; *id.* § 211B.35.

"A county attorney *may* prosecute a[] violation of [§ 211B.02]." *Id.* § 211B.16 (emphasis added); *see also id.* § 211B.32, subd. 1(a) ("The complaint must be finally disposed of by the office before the alleged violation *may* be prosecuted by a county attorney." (emphasis added)).

On July 24, 2019, the plaintiffs brought this pre-enforcement First Amendment challenge to § 211B.02. In their complaint, the plaintiffs alleged that the first sentence of § 211B.02 "violates the First Amendment right to free speech because it serves no compelling state interest, is not narrowly tailored, and is underinclusive and overbroad" and "violates their First Amendment right to expressive association." R. Doc. 71, at 3–4. They also allege that the second sentence of § 211B.02 "suffers from these same problems and . . . imposes an impermissible prior restraint." *Id.* at

4 (citations omitted). The plaintiff's § 1983 claims are against four Minnesota county attorneys in their "'official capacity' only." *Id.* They seek "a declaration that § 211B.02 is unconstitutional and a permanent injunction against its enforcement." *Id.*

On July 20, 2020,[2] the plaintiffs moved for a preliminary injunction to enjoin the county attorneys from enforcing Minn. Stat. § 211B.02 pending the entry of a final judgment. The county attorneys opposed the motion and submitted declarations in which they "testif[ied] . . . that they never have initiated civil or criminal proceedings for violations of § 211B.02, that they are 'not currently investigating' any such violations, and that they have 'no personal intention' to commence proceedings." *Id.* at 13 (quoting county attorneys' declarations).

After analyzing the *Dataphase*[3] factors, the district court denied the plaintiffs' preliminary-injunction motion. Although it concluded that the plaintiffs had Article III standing, it determined that the plaintiffs were not likely to succeed on the merits of their First Amendment claims because of their "inability to satisfy a prerequisite to their claims under *Ex parte Young*, 209 U.S. 123 (1908)." *Id.* at 10. In reaching its decision, the court observed that the *Ex parte Young* "exception [to Eleventh Amendment immunity] does not apply 'when the defendant official has neither

---

[2]On September 30, 2019, the county attorneys moved to dismiss the plaintiffs' complaint. The district court denied the motion, but it dismissed with prejudice the claims of plaintiffs Minnesota RFL Republican Farmer Labor Caucus, Bonn Clayton, and Michelle MacDonald based on their challenge to the first sentence of Minn. Stat. § 211B.02.

On November 27, 2019, the Minnesota Attorney General intervened in the case "for the limited purpose of defending the constitutionality of Minn. Stat. § 211B.02." R. Doc. 30, at 1.

[3]*Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc).

enforced nor threatened to enforce the statute challenged as unconstitutional.'" *Id.* at 11 (quoting *281 Care Comm. v. Arneson (Care Committee II)*, 766 F.3d 774, 797 (8th Cir. 2014) (quoting *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000))). "Under this standard, and based on [the county attorneys'] uncontested affidavits," the district court held that the "[p]laintiffs have not shown that [the county attorneys] are 'about to commence proceedings' against them." *Id*. at 13 (quoting *Ex parte Young*, 209 U.S. at 156). The court acknowledged that the county attorneys' declarations "say only that they have 'no present intention' to prosecute" but concluded that their failure to "disavow[] all future prosecutions does not mean that they are 'about to commence proceedings' against the [p]laintiffs." *Id.* (quoting *Ex Parte Young*, 209 U.S. at 156).

The court also determined that the plaintiffs failed to show irreparable harm. It cited "the absence of threatened, much less imminent, enforcement by [the county attorneys]"; the plaintiffs' failure to "seek a preliminary injunction until almost one year" after filing their complaint; and the fact that "the harm [p]laintiffs identify as being attributable to [the county attorneys] seems slight—not irreparable—when one considers that Minn. Stat. § 211B.32 authorizes any person to file a complaint alleging a violation of § 211B.02." *Id.* at 14–15. Furthermore, the court concluded that "[t]he final two *Dataphase* factors do not change things." *Id.* at 15.

## II. *Discussion*

On appeal, the plaintiffs argue that the district court abused its discretion in denying their preliminary-injunction motion. First, they challenge the district court's determination that they are not likely to prevail on their First Amendment claims because the county attorneys are entitled to Eleventh Amendment immunity. Second, they argue that the district court erred in determining that they failed to prove irreparable harm. "As to the remaining preliminary injunction factors," they assert that "the district court did not view the balance-of-harm factor as it would apply to First Amendment freedoms" and failed to consider that "the public interest favors

-5-

protecting core First Amendment freedoms." Appellant's Br. at 25–26 (quoting *Iowa Right to Life Comm., Inc. v. Williams*, 187 F.3d 963, 970 (8th Cir. 1999)).

We review for an abuse of discretion the district court's denial of the plaintiffs' preliminary-injunction motion. *See Phyllis Schlafly Revocable Tr. v. Cori*, 924 F.3d 1004, 1009 (8th Cir. 2019). "A district court abuses its discretion if it 'rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions.'" *Id.* (quoting *Barrett v. Claycomb*, 705 F.3d 315, 320 (8th Cir. 2013)). We review de novo a district court's Eleventh Amendment immunity determination. *See Balogh v. Lombardi*, 816 F.3d 536, 541, 544 (8th Cir. 2016).[4]

"Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021). The Supreme Court has "recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law." *Id.* (citing *Ex parte Young*, 209 U.S. at 159–60). "In determining whether this exception applies, a court conducts

---

[4]As an alternative ground for affirmance, the county attorneys assert that the plaintiffs lack Article III standing to challenge § 211B.02. "When faced with jurisdictional issues involving Eleventh Amendment immunity and Article III standing, the Court can decide which to address first." *WildEarth Guardians v. Bidegain*, 555 F. App'x 815, 816 (10th Cir. 2014) (unpublished per curiam), *as clarified* (Mar. 7, 2014) (citing *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)))); *see also Sinochem*, 549 U.S. at 532 (holding that courts may dismiss a case on forum non conveniens grounds before considering jurisdiction). Because we find Eleventh Amendment immunity dispositive of the present appeal, we need only address it. *See Sinochem*, 549 U.S. at 431.

'a straightforward inquiry into whether [the] complaint alleges an *ongoing violation of federal law* and seeks relief properly characterized as prospective.'" *281 Care Comm. v. Arneson (Care Committee I)*, 638 F.3d 621, 632 (8th Cir. 2011) (alteration in original) (emphasis added) (quoting *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002)). "The *Ex parte Young* exception only applies against officials 'who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution.'" *Care Committee II*, 766 F.3d at 797 (quoting *Ex parte Young*, 209 U.S. at 156).

In *Care Committee I*, the plaintiffs brought a First Amendment challenge to Minn. Stat. § 211B.06, subd. 1 (2008), which "ma[de] it a crime to knowingly or with reckless disregard for the truth make a false statement about a proposed ballot initiative." 638 F.3d at 625. The plaintiffs sued "four Minnesota county attorneys and the Minnesota attorney general, all . . . in their official capacities." *Id.* The district court dismissed the plaintiffs' complaint for lack of subject-matter jurisdiction based on standing and ripeness. *Id.* at 626. On appeal, we concluded that the plaintiffs had standing to assert their claims and that those claims were ripe for review. *Id.* at 631. But the Minnesota Attorney General argued that Eleventh Amendment immunity was "an additional and independent reason plaintiffs' claims against her [were] not justiciable." *Id.*[5] Because "no dispute" existed that the plaintiffs sought "prospective" relief, "[t]he only question [was] whether [the plaintiffs] . . . alleged that [the Minnesota Attorney General] [was], herself, engaged in an ongoing violation of federal law." *Id.* at 632.

"[W]e held that the attorney general was a proper defendant under the *Ex parte Young* . . . exception to Eleventh Amendment immunity." *Care Committee II*,

---

[5]The county attorneys did not raise Eleventh Amendment immunity in *Care Committee I*.

766 F.3d at 796 (citing *Care Committee I*, 638 F.3d at 632). We explained that "some connection [must exist] between the attorney general and the challenged statute" and that such "connection does not need to be primary authority to enforce the challenged law." *Care Committee I*, 638 F.3d at 632. Moreover, "the attorney general need [not] have the full power to redress a plaintiff's injury in order to have 'some connection' with the challenged law." *Id.* at 633. We identified a three-fold connection[6] between the Minnesota attorney general and the statute's enforcement and held that it "was sufficient to make the attorney general amenable to suit under the *Ex Parte Young* exception to Eleventh Amendment immunity." *Care Committee II*, 766 F.3d at 796 (citing *Care Committee I*, 638 F.3d at 633).

Following remand in *Care Committee I*, the district court denied the plaintiffs' motion for summary judgment, granted summary judgment in the defendants' favor, and dismissed all claims with prejudice. The plaintiffs appealed. On appeal, "[t]he attorney general revisit[ed] the issue of Eleventh Amendment immunity" in support of affirmance. *Care Committee II*, 766 F.3d at 796. "[T]he attorney general reiterate[d] that she may initiate a prosecution for violation of § 21113.06 only '[u]pon request of the county attorney' and only if the attorney general then 'deems [it] proper.'" *Id.* (third and fourth alterations in original) (quoting Minn. Stat. § 8.01).

---

[6]We identified the three-fold connection as follows:

(1) the attorney general "may, upon request of the county attorney assigned to a case, become involved in a criminal prosecution of section 21113.06," (2) "the attorney general is responsible for defending the decisions of the OAH—including decisions pursuant to section 21113.06—if they are challenged in civil court," and (3) "the attorney general appears to have the ability to file a civil complaint under section 211B.06."

*Care Committee II*, 766 F.3d at 796 (quoting *Care Committee I*, 638 F.3d at 632).

County attorneys, not the attorney general, prosecuted violations of the statute. *Id.* (citing Minn. Stat. § 211B.16, subd. 3).

The Minnesota Attorney General, through a Deputy Minnesota Attorney General, stated in an affidavit that the office of the attorney general "ha[d] never initiated a prosecution" under § 211B.06, "would decline any request to prosecute . . . activities" like that in question, and "never ha[d] filed, and ha[d] no intention of ever filing, a complaint with the OAH alleging a violation of § 211B.06 . . . based upon any of the activities" described in the pleadings in that case. *Id.* at 796–97. Based on the summary-judgment record, the attorney general argued that no threat existed that she would enforce the statute. *Id.* at 797.[7]

We agreed with the attorney general and found that the attorney general was immune from suit under the Eleventh Amendment. Based on that conclusion, we dismissed the action as against the attorney general. Our decision rested on the attorney general's declared "unwillingness to exercise her ability to prosecute a § 211B.06 claim against Appellants." *Id.* We explained, "Now that the attorney general has testified with assurances that the office will not take up its discretionary ability to assist in the prosecution of § 211B.06, Appellants are not subject to or threatened with any enforcement proceeding by the attorney general." *Id.*

Here, just as in *Care Committee I*, plaintiffs seek prospective relief, and the core question is whether the plaintiffs proved that the county attorneys "engaged in an ongoing violation of federal law." *Care Committee I*, 638 F.3d at 632. In answering this question, the state of the record at this procedural stage of the case is dispositive. *See Care Committee II*, 766 F.3d at 797 ("At this stage in the proceedings

---

[7]As in *Care Committee I*, the county attorneys did not raise Eleventh Amendment immunity; therefore, we did not address whether they were entitled such immunity.

we are no longer concerned with who is 'a *potentially* proper party for injunctive relief' but rather who in fact is the right party." (quoting *Reprod. Health Servs. of Planned Parenthood of the St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1146 (8th Cir. 2005))).[8]

The record here shows that the defendants have not enforced nor have threatened to enforce the challenged statute. After the motion-to-dismiss stage and in response to the plaintiffs' preliminary-injunction motion, the four county attorneys filed substantially similar affidavits providing that they had "no present intention" to prosecute anyone for violating § 211B.02.[9] "Now that the [county attorneys] ha[ve] testified with assurances that [they] will not take up [their] discretionary ability to . . . prosecut[e] [violations] of § [211B.02], [the plaintiffs] are not subject to or

---

[8] *Cf. Whole Woman's Health*, 142 S. Ct. at 535–36 (plurality op.) ("[I]t appears that [Texas executive officials with specific disciplinary authority over medical licensees] fall within the scope of *Ex parte Young*'s historic exception to state sovereign immunity. Each of these individuals is an executive licensing official who may or must take enforcement actions against the petitioners if they violate the terms of Texas's Health and Safety Code, including S.B. 8. Accordingly, we hold that sovereign immunity does not bar the petitioners' suit against these named defendants *at the motion to dismiss stage*." (emphasis added) (citations omitted)).

[9] R. Doc. 63, at 1 (Freeman) ("I have no present intention to threaten enforcement of a violation of Minn. Stat. § 211B.02 by any person or entity, and have no present intention to commence civil or criminal proceedings against any person or entity for allegedly violating Minn. Stat. § 211B.02."); R. Doc. 64, at 2 (Metz) ("I am not about to and have no present intention to commence civil or criminal proceedings against any person or entity for allegedly violating Minnesota Statutes Section 211B.02."); R. Doc. 65, at 2 (Sonneman) ("I am not about to and have no present intention to commence civil or criminal proceedings against any person or entity for allegedly violating Minnesota Statutes Section 211B.02."); R. Doc. 66, at 2 (Backstrom) ("I have no present intention of threatening enforcement of Section 211B.02 against anyone, including Plaintiffs.").

threatened with any enforcement proceeding by the [county attorneys]." *Care Committee II*, 766 F.3d at 797.

The plaintiffs, however, assert that the present case is distinguishable from *Care Committee II* because, unlike the Minnesota Attorney General in that case, "the [c]ounty [a]ttorneys have not disavowed any *future* prosecutions of § 211B.02." Appellants' Br. at 19 (emphasis added). The plaintiffs argue that the "County Attorney declarations do not represent a policy disavowing the enforcement of § 211B.02," Appellants' Reply Br. at 3, because they "have not declared that they have 'no intention to ever' prosecute 'any of the activities' the [plaintiffs] would engage in under § 211B.02," *id.* at 4 (footnote omitted).

True, in *Care Committee II*, the Minnesota Attorney General did aver that the "the attorney general's office never has filed, and has no intention of *ever filing*, a complaint with the OAH alleging a violation of § 211B.06." *Care Committee II*, 766 F.3d at 796–97 (emphasis added). By comparison, the county attorneys here averred that they have "no present intention" to commence proceedings. But their failure to disavow future prosecutions is not fatal to their claim of Eleventh Amendment immunity. The proper standard in assessing their entitlement to such immunity is whether the county attorneys' affidavits establish their "unwillingness to exercise [their] ability to prosecute a § 211B.0[2] claim against Appellants." *Care Committee II*, 766 F.3d at 797. "The *Ex parte Young* doctrine does not apply when the defendant official has *neither enforced nor threatened to enforce* the statute challenged as unconstitutional." *Id.* (emphasis added) (quoting *McNeilus Truck & Mfg.*, 226 F.3d at 438). Here, the county officials' affidavits all show that they have not enforced or threatened to enforce § 211B.02. Therefore, the *Ex parte Young* exception to Eleventh Immunity is inapplicable. The district court did not abuse its discretion in denying the plaintiffs' motion for preliminary injunctive relief.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____