# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1563
_____

Minnesota RFL Republican Farmer Labor Caucus; Vincent Beaudette; Vince for Statehouse Committee; Don Evanson; Bonn Clayton; Michelle MacDonald

*Plaintiffs - Appellants*

v.

Mary Moriarty, in her official capacity as County Attorney for Hennepin County, Minnesota, or her successor; Mark Metz, in his official capacity as County Attorney for Carver County, Minnesota or his successor; Karin L. Sonneman, in her official capacity as County Attorney for Winona County, Minnesota, or her successor; Kathryn Keena, in her official capacity as County Attorney for Dakota County, Minnesota or her successor

*Defendants - Appellees*

Attorney General's Office for the State of Minnesota

*Intervenor - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 11, 2024
Filed: July 19, 2024

_____

Before LOKEN, ERICKSON, and GRASZ, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Minnesota RFL Republican Farmer Labor Caucus, Vincent Beaudette, Vince for Statehouse Committee, Don Evanson, Bonn Clayton, and Michelle MacDonald ("the RFL parties") brought this pre-enforcement challenge against Hennepin County attorney Mary Moriarty, Dakota County attorney Kathryn Keena, Carver County attorney Mark Metz, and Winona County attorney Karin L. Sonneman ("the county attorneys")[1] to enjoin Minnesota's Fair Campaign Practices Act as violative of the First Amendment. The Minnesota Attorney General intervened to defend the constitutionality of the statute.

In a prior appeal, the Court affirmed the district court's denial of the RFL parties' motion for preliminary injunction, finding *Ex parte Young* inapplicable because the county attorneys had neither enforced nor threatened to enforce the statute. Minn. RFL Republican Farmer Labor Caucus v. Freeman, 33 F.4th 985, 992 (8th Cir. 2022), cert. denied sub nom. Christian Action League of Minn. v. Freeman, 143 S. Ct. 304 (2022) ("Minn. RFL I"). In this appeal, the RFL parties challenge the district court's[2] grant of the county attorneys' motion for summary judgment, denial of their motion for partial summary judgment, and dismissal of their complaint. The Court's prior decision constitutes the law of the case. We affirm.

I.    BACKGROUND

The RFL parties are political candidates, associations, and individuals engaged in political activities who allege that § 211B.02 of Minnesota's Fair Campaign Practices Act[3] violates the First Amendment by chilling their political

---

[1]Moriarty and Keena were substituted as parties under Federal Rule of Civil Procedure 25(d) upon assuming office in January 2023 and May 2021, respectively.

[2]The Honorable Eric C. Tostrud, United States District Court for the District of Minnesota.

[3]The statute prohibits a person or candidate from knowingly making a false claim of endorsement or making a claim of endorsement in written campaign materials without first getting written permission from the alleged endorser.

speech. An administrative law judge disposing of a complaint asserting a violation of § 211B.02 may: (1) dismiss the complaint, (2) issue a reprimand, (3) impose a civil penalty of not more than $5,000, or (4) refer the complaint to the appropriate county attorney. Minn. Stat. § 211B.35, subdiv. 2(a)-(b), (d)-(e). The county attorney has discretion over the prosecution of any referral. Id. § 211B.16.

In July 2020, the RFL parties unsuccessfully moved for a preliminary injunction. While they claimed Minnesota's Office of Administrative Hearings had found violations of § 211B.02 and described how the statute chilled their political speech, the county attorneys responded with declarations stating that they had never prosecuted anyone under § 211B.02, were not currently investigating any alleged § 211B.02 violation, and had no present intention to prosecute anyone under the statute. This Court affirmed the district court's determination that *Ex parte Young* did not apply. Minn. RFL I, 33 F.4th at 992.

The RFL parties then moved for partial summary judgment and the county attorneys cross-moved for summary judgment, with all parties submitting the same or similar evidence as that offered at the preliminary injunction stage. The RFL parties now appeal the adverse grant of summary judgment.

## II.   DISCUSSION

The doctrine of *Ex parte Young* is a narrow exception to Eleventh Amendment immunity that permits suits for prospective declaratory and injunctive relief against state officials sued in their official capacities. Monroe v. Ark. State Univ., 495 F.3d 591, 594 (8th Cir. 2007). *Ex parte Young* only applies to officials who threaten and are about to commence civil or criminal proceedings to enforce unconstitutional policies. 281 Care Committee v. Arneson, 766 F.3d 774, 797 (8th Cir. 2014). Nothing the RFL parties have presented undermines the Court's prior decision in this case holding that the county attorneys provided sufficient assurance that they will not enforce § 211B.02. See Minn RFL I, 33 F.4th at 992. Because this Court previously resolved the legal question of *Ex parte Young*'s applicability and the parties have not presented evidence materially different from what was introduced

during the preliminary injunction proceedings, the law of the case doctrine governs. See United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (explaining that the law of the case doctrine requires a panel to follow a decision in a prior appeal in later proceedings "unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice"); Howe v. Varity Corp., 36 F.3d 746, 752 (8th Cir. 1994) (finding that appellate review of the legal issues at the heart of a preliminary injunction decision constituted the law of the case).

## III.   CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

_____