# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3325

_____

Christopher Lockhart

*Plaintiff - Appellee*

v.

Siloam Springs, Arkansas

*Defendant - Appellant*

James Wilmeth; Allan Gilbert

*Defendant*s

Detective Zachary Ware

*Defendant - Appellant*

Chase Fine; Tiffany Adams; Mike Efram; David Bailey

*Defendant*s

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: January 13, 2026
Filed: June 10, 2026

_____

Before LOKEN, ARNOLD, and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Siloam Springs police officer Zachary Ware appeals the denial of summary judgment on the basis of qualified immunity on plaintiff Christopher Lockhart's false arrest claim under 42 U.S.C. § 1983. The City of Siloam Springs seeks our review of the denial of summary judgment on Lockhart's malicious prosecution claim. We reverse the denial of summary judgment to Officer Ware on the false arrest claim and decline to address Siloam Springs' appeal because we already upheld the denial of summary judgment on Lockhart's malicious prosecution claim when this case last came before us. *See Lockhart v. Siloam Springs*, 113 F.4th 844, 850 (8th Cir. 2024).

## I. Background

At approximately 3:30 a.m. on March 11, 2019, Siloam Springs police officer Zachary Ware pulled over a vehicle being driven by Christopher Lockhart, a 61-year-old licensed bail bondsman and private investigator, who was on his way home from a casino where he and an associate had been looking for clients who had jumped bail. Officer Ware, who had been tailing Lockhart for a few minutes as he drove about ten miles per hour below the speed limit, initiated the traffic stop after he observed Lockhart's tires touch the centerline in the road as he rounded a curve in the highway.

After Officer Ware activated his lights, Lockhart pulled to the shoulder and stopped his car. Officer Ware approached Lockhart and the pair spoke for several minutes while Lockhart remained seated in his vehicle. During this time, Officer Ware asked for Lockhart's license, insurance card, and vehicle registration, which Lockhart struggled to locate and provide. Lockhart informed Officer Ware that he was not wearing his glasses and that he had taken a prescription pain medication,

-2-

Gabapentin, "yesterday." Upon further questioning, Lockhart clarified that he had last taken the medication more than twenty-four hours earlier. Officer Ware observed that Lockhart's speech was slow, raspy, slurred, and stuttering; that his eyes were bloodshot and glassy; that his eyelids were droopy; that he appeared close to falling asleep; and that he seemed confused when answering questions.

Officer Ware asked Lockhart to exit the vehicle and to remove his hands from his pockets—an order he frequently repeated throughout the stop. Officer Ware explained to Lockhart that Lockhart appeared to be either extremely tired or otherwise impaired. Lockhart immediately responded that he was not impaired and that he does not drink. Officer Ware proceeded to perform several standard field sobriety tests. Before beginning the tests, Lockhart informed Officer Ware that his legs were different lengths due to a hip replacement surgery and that he wore a heel lift in one of his shoes. Lockhart then performed the tests, during which he exhibited fourteen out of the eighteen tested indicators of impairment. Officer Ware suspected that Lockhart was drug-impaired and transported him to the Siloam Springs police station, where Lockhart submitted to a blood alcohol concentration ("BAC") test and provided a urine sample. The BAC test showed Lockhart's BAC to be 0.00. The officers sent the urine sample to a laboratory for a toxicology analysis, which indicated that nicotine and five other substances were present—Amitriptyline, Nortriptyline, Cyclobenzaprine, Doxepin, and Desloratadine.

After Lockhart submitted his urine sample, Detective Tiffany Adams performed a Drug Recognition Expert Evaluation. After conducting her own tests, Detective Adams opined that Lockhart was not impaired but rather was a "medical rule-out," *i.e.*, his symptoms resulted from medical conditions. Nonetheless, Officer Ware arrested Lockhart for driving while intoxicated ("DWI"), careless driving, and driving left of center. Siloam Springs subsequently dismissed the traffic charges.

At trial on the DWI charge, Lockhart was found not guilty after Siloam Springs failed to present any evidence to support the DWI charge.[1]

On March 7, 2022, Lockhart sued Siloam Springs and seven of its employees, asserting that they were liable for violating his constitutional rights under 42 U.S.C. § 1983, engaging in a civil conspiracy under 42 U.S.C. § 1985, violating the Arkansas Civil Rights Act ("ACRA"), and committing the torts of abuse of process and malicious prosecution under Arkansas law. The district court granted summary judgment to the defendants on all but Lockhart's Fourth Amendment claim under 42 U.S.C. § 1983 against Officer Ware for conducting an illegal stop and false arrest and his Arkansas law malicious prosecution claim against Siloam Springs.[2] Siloam Springs and Officer Ware appealed. We upheld the denial of summary judgment on the malicious prosecution claim but reversed as to the Fourth Amendment claim against Officer Ware. *Lockhart*, 113 F.4th at 849-50. We found that Officer Ware performed a legal traffic stop because he had probable cause, or at least an objectively reasonable basis, to believe that Lockhart had violated Arkansas's careless driving statute. *Id.* at 848-50 (citing Ark. Code Ann. § 27-51-104). We remanded for the district court to address in the first instance whether the subsequent arrest and prosecution for DWI were likewise valid under the Fourth Amendment. *Id.* at 849-50. On remand, the district court again denied qualified immunity,

_____

[1]The prosecutor explained in his affidavit that he decided to "effectively dismiss" the DWI charge after reviewing the toxicology report because he "felt that there was reasonable doubt as to [Lockhart's] guilt on that particular charge." However, because Arkansas law prohibits prosecutors from reducing or dismissing DWI charges, *see* Ark. Code. Ann. § 5-65-107 (2025), the prosecutor tried the charge without presenting evidence. He explained that he dismissed the traffic charges "not because [he] had any doubt as to Mr. Lockhart's guilt" but "to make up for the fact that [Lockhart] had to attend court a few times."

[2]Lockhart brought the false arrest claim under both § 1983 and the ACRA. As the parties acknowledged before the district court and as we noted previously, *see Lockhart*, 113 F.4th at 846 n.1, claims brought under the ACRA are subject to the same analysis as § 1983 Fourth Amendment claims. *See McDaniel v. Neal*, 44 F.4th 1085, 1093 (8th Cir. 2022).

reasoning that, because a reasonable jury could find that Lockhart was not intoxicated at the time of the traffic stop and that his abnormal performance on the field sobriety tests resulted from medical difficulties, "a material question of fact exists as to whether it was objectively reasonable" for Officer Ware to arrest Lockhart for DWI. Siloam Springs and Officer Ware again appeal.

## II. Discussion

### A.

"Before turning to the merits, we must assure ourselves of our jurisdiction." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 198 (2023). Though we ordinarily "lack jurisdiction to hear an immediate appeal from a district court's order denying summary judgment," we have "limited authority to review the denial of qualified immunity through an interlocutory appeal under the collateral order doctrine." *Langford v. Norris*, 614 F.3d 445, 455 (8th Cir. 2010) (citation modified). This jurisdiction is limited to "abstract issues of law" and does not extend to reviewing "determinations that the evidence is sufficient to permit a particular finding of fact after trial." *Id.* (citation modified). Thus, we may not review a summary judgment order "insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial." *Id.* (citation modified).

Lockhart argues that we lack jurisdiction to review the summary judgment order because it was based on the district court's finding that a material question of fact existed as to whether a reasonable jury would find that Lockhart was intoxicated. But despite its use of the phrase "material question of fact," the district court did not rely on the existence of any disputed factual questions. To the contrary, the district court made a probable cause determination based on video footage and additional undisputed evidence. And "whether probable cause exists"—the relevant inquiry here, as discussed below—"is a *legal* question, not a factual one." *Goffin v. Ashcraft*, 977 F.3d 687, 692 (8th Cir. 2020). We thus have jurisdiction to review this legal question.

## B.

Satisfied of our jurisdiction, we reach whether the district court erred in denying Officer Ware qualified immunity on Lockhart's § 1983 claim for false arrest. We review *de novo* the district court's denial of summary judgment based on qualified immunity, granting Lockhart, as the non-moving party, the "benefit of all relevant inferences." *See Intervarsity Christian Fellowship/USA v. Univ. of Iowa*, 5 F.4th 855, 863 (8th Cir. 2021). Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (citation modified). It "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation modified). This is a two-pronged inquiry: "In a § 1983 action, an officer is entitled to qualified immunity unless: (1) the officer's conduct violated a constitutional right, and (2) that right was clearly established." *Ching ex rel. Jordan v. City of Minneapolis*, 73 F.4th 617, 620 (8th Cir. 2023). We exercise our discretion when deciding which of the two prongs to address first. *Pearson*, 555 U.S. at 236.

Lockhart contends that Officer Ware violated his Fourth Amendment rights. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless arrest violates the Fourth Amendment unless it is supported by probable cause." *Ryno v. City of Waynesville*, 58 F.4th 995, 1005 (8th Cir. 2023). "Officers have probable cause to make a warrantless arrest when the totality of the circumstances at the time of the arrest are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an

offense." *Id.* (citation modified). "To determine whether an officer had probable cause to arrest an individual, we examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citation modified). "[P]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983).

The district court denied qualified immunity because a reasonable jury could find that (1) Lockhart was not intoxicated and that his abnormal performance on the field sobriety tests resulted from medical difficulties and (2) a reasonable officer would have known that Lockhart's performance on the field sobriety tests was consistent with his known medical issues. But this distorts the relevant Fourth Amendment inquiry. We do not theorize about whether a reasonable jury would find Lockhart guilty of the charged crime or whether there were alternative explanations for Lockhart's behavior and poor performance; rather, given the undisputed material facts in this case, we examine whether Officer Ware had probable cause to believe that Lockhart had committed the charged crime. *See id.*; *cf. Hunter v. Bryant*, 502 U.S. 224, 228 (1991) ("[T]he court should ask whether the agents acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable, interpretation of the events can be constructed . . . after the fact."). When Officer Ware spoke with Lockhart in his vehicle, he observed that Lockhart's speech was slow, raspy, slurred, and stuttering; that his eyes were bloodshot and glassy; that his eyelids were droopy; and that he appeared close to falling asleep. Lockhart exhibited confusion when responding to Officer Ware's questions and when attempting to locate and provide his license, insurance card, and vehicle registration. Upon submitting to the field sobriety tests, Lockhart exhibited fourteen out of the eighteen tested indicators of impairment. Moreover, Lockhart admitted to being on a prescription pain medication and appeared confused as to when he had last taken his medication. This was more than sufficient to establish "a probability or substantial chance" that Lockhart was driving while intoxicated, *see Gates*, 462 U.S. at 244 n.13, and thus constituted probable cause for arrest.

Further, despite Lockhart's suggestions to the contrary, his 0.00 blood alcohol concentration result did not negate the existence of probable cause; Officer Ware arrested Lockhart based on suspected intoxication, not necessarily alcohol intoxication.  Nor was Officer Ware required to set aside his own observations and adopt Detective Adams's opinion that Lockhart's symptoms were caused by medical conditions rather than by drug impairment.  We assess whether probable cause existed under "the totality of the circumstances," *Pringle*, 540 U.S. at 371, so the fact that Detective Adams believed that Lockhart was not impaired does not prevent a finding that probable cause existed.  *See Paez v. Mulvey*, 915 F.3d 1276, 1286 (11th Cir. 2019) ("So long as it is reasonable to conclude from the body of evidence as a whole that a crime was committed, the presence of some conflicting evidence or a possible defense will not vitiate a finding of probable cause.").  As discussed, ample evidence existed to indicate that Lockhart was driving while intoxicated.  Therefore, Officer Ware had probable cause to suspect that Lockhart had committed the charged crime.[3]

## C.

Finally, we turn to the denial of summary judgment as to Lockhart's malicious prosecution claim against Siloam Springs.  We have already held that the district court did not err in denying summary judgment on this claim.  *Lockhart*, 113 F.4th at 850.  We decline Siloam Springs's request to revisit our prior decision.  *See Minnesota RFL Republican Farmer Lab. Caucus v. Moriarty*, 108 F.4th 1035, 1038 (8th Cir. 2024) ("Because this Court previously resolved the legal question . . . and

---

[3]Because we find no constitutional violation, we need not entertain arguments regarding the second prong of the qualified immunity analysis, *see Pearson*, 555 U.S. at 236, though we will note that neither Lockhart nor the district court provided any cases that defined Lockhart's allegedly clearly established right with the requisite degree of "specificity." *See City of Escondido v. Emmons*, 586 U.S. 38, 42 (2019) ("The clearly established right must be defined with specificity.  This Court has repeatedly told courts not to define clearly established law at a high level of generality." (citation modified)).

the parties have not presented evidence materially different from what was introduced [previously], the law of the case doctrine governs.").

## III. Conclusion

For the foregoing reasons, we reverse the district court's denial of summary judgment to Officer Ware on the § 1983 false arrest claim and remand for entry of it based on qualified immunity. We dismiss Siloam Springs's appeal of the denial of summary judgment on the malicious prosecution claim.

_____